## 72359. RAMPLEY v. DOE.
(347 SE2d 255)

Banke, Chief Judge.

Appellant, Juanita Rampley, widow of Emory Lee Rampley, appeals the entry of summary judgment against her in her suit against an unknown, uninsured motorist.

Appellant's decedent was operating a tractor truck owned by his employer and provided to him for his regular use when an unknown motorist pulled in front of him, forcing him to swerve into a guard rail and thereby causing his death. Globe American Casualty Company (Globe) had issued a policy of automobile insurance to the decedent's son, Robert Rampley, who had resided in the decedent's household. The decedent was a named insured under this policy. The appellant instituted a "John Doe" action against the unknown motorist, and Globe was served pursuant to OCGA § 33-7-11 (b) (2) (d).

Globe contends that the uninsured motorist provisions of the policy were subject to the following exclusions, which preclude any recovery by appellant: "(c) *Those Not Protected* . . . Anyone occupying a motor vehicle owned by or furnished for your use and not insured under this insurance is not protected by this insurance . . . (e) *Excluded Uninsured Highway Vehicles.* A highway vehicle owned by

you or furnished for your regular use is not an uninsured highway vehicle." The trial court determined that because the decedent was occupying a highway vehicle furnished to him for his regular use by his employer, no uninsured motorist coverage was available under the terms of the policy. *Held*:

1. "No automobile liability policy or motor vehicle liability policy shall be issued or delivered in this state to the owner of such vehicle . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from . . . an uninsured motor vehicle . . ." OCGA § 33-7-11 (a) (1). Exclusions in uninsured motorist endorsements cannot "circumvent the clear mandate of the [Uninsured Motorist] Act by withholding the protection required." *Travelers Indem. Co. v. Williams*, 119 Ga. App. 414, 416 (167 SE2d 174) (1969).

Our initial inquiry is whether the exclusion set forth in section (c) of the policy is applicable by its terms to the appellant's claim. Interpreted most liberally in favor of the insured, the provision is applicable to any person *other than the insured* who occupies a motor vehicle either owned by the insured or furnished for the regular use of the insured. Clearly, the decedent was not included in this category, as he was a named insured under the policy. Therefore summary judgment should not have been granted in favor of the appellee on the basis of this exclusion. See generally *Travelers Indem. Co. v. Whalley Constr. Co.*, 160 Ga. App. 438, 441 (287 SE2d 226) (1981).

2. We next address the exclusion set forth in section (e), to the effect that a highway vehicle owned by the insured or furnished for his regular use is not an uninsured highway vehicle. This provision is clearly inapplicable to the present case, it having never been asserted that the vehicle in which the decedent was riding was uninsured. Indeed, the Act defines an uninsured motor vehicle as "a motor vehicle, other than a motor vehicle owned by or furnished for the regular use of the named insured . . ." OCGA § 33-7-11 (b) (1) (D). See generally *State Farm Mut. Auto. Ins. Co. v. Hancock*, 164 Ga. App. 32 (295 SE2d 359) (1982). Rather, it is the vehicle which the unknown motorist was driving which is alleged to have been the uninsured vehicle.

The uninsured motorist protection afforded by the policy at issue in this case followed the decedent, as a named insured, while "riding in the insured car, in any other automobile or while [a pedestrian] if the injury [was] caused by an uninsured motorist." *Gulf American Fire &c. Co. v. McNeal*, 115 Ga. App. 286, 291 (154 SE2d 411) (1967). The grant of summary judgment in favor of appellee is accordingly reversed.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 3, 1986 —
REHEARING DENIED JUNE 24, 1986 — 

*George E. Mundy*, for appellant.
*J. S. Kilpatrick*, for appellee.