76605. DACOSTA v. ALLSTATE INSURANCE COMPANY.
(372 SE2d 7)

BANKE, Presiding Judge.

The appellant sustained personal injuries in a collision involving an uninsured motorist while riding as a guest passenger in an automobile owned by Coats and being operated by Coats' son. The collision occurred in Georgia; however, Coats was a Tennessee resident at the time, and her vehicle was insured under a policy of automobile insurance issued by the appellee, Allstate Insurance Company in Tennessee. That policy contained an uninsured motorist endorsement specifying that "[a]ny amount payable under the terms of this coverage because of bodily injury . . . sustained in an accident by a person who is an insured under this coverage shall be reduced by . . . the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law. . . ."

Because the appellant had been in the service of a Georgia employer when the accident occurred, he received compensation for his injuries pursuant to the Georgia Workers' Compensation Act, OCGA § 34-9-1 et seq. He subsequently filed the present action seeking to recover damages for the alleged negligence of the uninsured motorist in causing the collision. Allstate filed defensive pleadings in its own

name after being served as the uninsured motorist carrier pursuant to OCGA § 33-7-11 (d), and it thereafter moved for partial summary judgment on the issue of whether it was entitled to the benefit of a Tennessee law allowing an insurer's liability for uninsured motorist benefits to be offset by any collateral benefits received by the injured person. See Tenn. Code Ann. § 56-7-1205. The appellant responded that the Georgia uninsured motorist statute, which does not provide for any such offset, was controlling. The trial court ruled in favor of Allstate on the issue, and this appeal followed. *Held*:

The policy contains no suggestion that the law of any state other than Tennessee is to govern its construction. Georgia follows the doctrine of lex loci contractus. *General Tel. Co. of the Southeast v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984). Under this doctrine " '[w]here a pleaded contract not only is executed in a foreign State, but contains nothing to indicate by the place of performance or otherwise that it was intended to be construed as a Georgia contract, it will be treated as a contract of the foreign State, and governed by its laws. . . .' [C]ontracts made and performed in another state will be enforced unless such state's laws are contrary to the public policy of the enforcing state. . . . 'A contract should not be held unenforceable as being in contravention of public policy except in cases free from substantial doubt where the prejudice to the public interest clearly appears.' [Cit.]" *Terry v. Mays*, 161 Ga. App. 328, 329 (291 SE2d 44) (1982). See also *Nationwide Gen. Ins. v. Parnham*, 182 Ga. App. 823 (4) (357 SE2d 139) (1987).

We reject the appellant's contention that the public policy of this state is contravened by allowing Allstate to offset the workers' compensation benefits received by the appellant against the amount of uninsured motorist benefits which would otherwise be due him under the policy. The mere fact that the two states have different laws in this regard does not mean that the Tennessee law cannot be enforced. See *Terry v. Mays*, supra. Accord *Howard v. Doe*, 174 Ga. App. 415 (330 SE2d 370) (1985); *Tenn. Farmers Mut. Ins. Co. v. Wheeler*, 178 Ga. App. 73 (1) (341 SE2d 898) (1986). It has been held that the Legislature's purpose in enacting the Georgia uninsured motorist statute was "to protect the insured as to his actual loss." *State Farm &c. Ins. Co. v. Murphy*, 226 Ga. 710, 714 (177 SE2d 257) (1970). Because enforcement of the Tennessee statute will not operate to frustrate that policy, we hold that the trial court did not err in granting the appellee's motion for partial summary judgment. It necessarily follows that the trial court did not err in failing to grant summary judgment to the appellant on this issue.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED JULY 11, 1988 —
REHEARING DENIED JULY 22, 1988

*Thomas E. Brennan, Gene A. Major, Jonathan M. Engram*, for appellee.