A90A1659, A90A1660. ORNDORFF v. BROWN et al.; and vice versa.
(391 SE2d 77)

BANKE, Presiding Judge.

The appellant, Orndorff, brought this action to recover for personal injuries he had sustained in an automobile accident while riding as a passenger in a vehicle owned by appellee Sherman Brown and being driven by the latter's son, appellee Scott Brown. A jury awarded the appellant $20,404.08 in medical expenses and $2,300 in lost wages; but in entering judgment, the trial court reduced the award by $22,546.08 to reflect certain insurance benefits previously paid to the appellant by the appellees' motor vehicle liability insurer, leaving a balance of only $158. Orndorff contends on appeal that the trial court erred in reducing the award, and the Browns contend in a cross-appeal that the trial court erred in not allowing them to present certain evidence regarding these benefits to the jury during the trial of the case.

The parties have stipulated to the following facts: The insurance policy at issue provided the minimum required personal injury pro-

tection, or no-fault coverage required by OCGA § 33-34-4. Prior to trial, the appellees' insurer paid the appellant the entire $2,500 in medical benefits available under the terms of this coverage and also paid him no-fault benefits in the amount of $2,142 for lost wages. The policy also provided separately for reimbursement of medical expenses incurred by a passenger up to the amount of $25,000; and the insurer paid the appellant $17,904.08 pursuant to that provision of the policy, thereby fully compensating him for all his medical bills. *Held*:

1. While the appellant concedes that the $4,642 in PIP benefits which he received was properly set-off against the verdict, he contends that the trial court erred in reducing the award by the additional $17,904.08 which had been paid to him under the medical payments provision of the policy. Since the accident occurred prior to July 1, 1987, OCGA § 51-12-1 (b) (Ga. L. 1987, p. 915), which abolished the collateral source rule, is inapplicable to the case. See *Polito v. Holland*, 258 Ga. 54 (365 SE2d 273) (1988). However, the collateral source rule merely prevented " 'the receipt of benefits or mitigation of loss *from sources other than the defendant* [from operating] to diminish the plaintiff's recovery of damages." (Emphasis supplied.) Id. at 55. See *McGlohon v. Ogden*, 251 Ga. 625, n. 1 (308 SE2d 541) (1983). The compensation at issue in the present case was received from the appellees' motor vehicle liability insurer, the same ultimate source from which the appellant sought to recover damages in the present action. The collateral source rule has never applied so as to require an insurance company to pay "duplicate damages" to a claimant. Id. at 627-628. Consequently, we hold that the trial court acted properly in crediting these benefits against the amount of the verdict. The Supreme Court's recent decision in *Spence v. Hilliard*, 260 Ga. 107 (389 SE2d 753) (1990), is not authority for a contrary conclusion, as the award at issue there was reduced because it was found to be excessive (see OCGA § 51-12-12) rather than to reflect payments previously made to the plaintiff on the defendants' behalf.

2. The issue raised by the cross-appeal is rendered moot by the foregoing.

*Judgment affirmed. Birdsong and Cooper, JJ., concur.*

DECIDED OCTOBER 22, 1990 —
REHEARING DENIED NOVEMBER 15, 1990 — ▮

*Ballard, Slade & Ballard, Scott L. Ballard*, for appellant.
*McNally, Fox, Mahler & Cameron, Patrick J. Fox, Beck, Owen &*

*Murray, Samuel A. Murray*, for appellees.