A94A2614. JOHNSON et al. v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(455 SE2d 91)

BEASLEY, Chief Judge.

Johnson was injured in an automobile accident. She and her husband sued Gresham, who drove the other car, and served a copy of the action upon her uninsured motor vehicle insurance carrier, State Farm, pursuant to OCGA § 33-7-11 (d).[1] A jury awarded Johnson a total of $190,043.10: $21,643.10 for medical expenses, $3,400 for lost wages, and $165,000 for pain and suffering. It also awarded her husband $1,000 for loss of consortium. State Farm moved to reduce the verdict by $21,643.10 to reflect Johnson's medical expenses it had already paid. Johnson appeals from an order granting that motion.

State Farm's motion was based upon a non-duplication of benefits clause in the uninsured motor vehicle policy which states that "[a]ny expense paid or payable under the medical payments coverage will not be paid for again as damages under this [uninsured motorist] coverage. This does not reduce the [$300,000] limits of liability of this coverage." Johnson argues that this contractual provision violates the statutory requirement that policies of uninsured motor vehicle coverage undertake "to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits [not less than specified amounts]." OCGA § 33-7-11 (a) (1). She contends that she would be entitled to recover the full amount of the verdict against a tortfeasor, without reduction, and that the statute requires her uninsured motor vehicle policy to allow her to recover the same from State Farm. It is true that policy provisions that violate statutory requirements are not en-

---

[1] Gresham did have minimum liability coverage. State Farm does not dispute that its uninsured motor vehicle coverage applies.

forceable. See *Travelers Indem. Co. v. Williams*, 119 Ga. App. 414 (167 SE2d 174) (1969).

State Farm argues that the non-duplication of benefits clause does not violate the statute, that OCGA § 33-7-11 (a) (1) does not require recovery beyond actual damages, and that the contractual provision should be honored. Johnson does not dispute that she has already received $21,643.10 in medical payments and that her interpretation would result in a recovery greater than her actual damages. Upon first examination, therefore, it appears the non-duplication provision results in Johnson receiving the full $190,043.10 awarded by the jury and that the provision complies with the statutory requirement that the policy pay "all sums which [s]he shall be legally entitled to recover as damages." OCGA § 33-7-11 (a) (1).

In earlier interpretation of the Uninsured Motorist Act, it has been stated that "[t]he statute is designed to protect the insured as to his actual loss, within the limits of the policy or policies of which he is the beneficiary." *State Farm Mut. Auto. Ins. Co. v. Murphy*, 226 Ga. 710, 714 (177 SE2d 257) (1970). Although the statute requires that the insured be made whole within the limits of the policy, "the insured would not be legally entitled to recover amounts beyond his actual damages no matter how many policies he was the beneficiary of." Id. These considerations are apparent when cases that have addressed the enforceability of setoff provisions in uninsured motorist policies are examined.

In *Murphy*, supra, the insureds were the beneficiaries of two uninsured motorist policies, both with limits of $10,000, which was then the statutory minimum. After a $5,000 settlement under one policy, the insureds sought to recover under the second policy. The insurer sought declaratory judgment and an injunction against any attempt to recover under the second policy. Not only were the insureds permitted to recover under the second policy, a clause in the policy that sought to declare the second policy's coverage excess and limit the total amount of liability under both primary and excess coverage to $10,000 (effectively making the coverage under the second policy only $5,000 because of the payment under the first policy) was declared unenforceable. Such a clause prevented the insureds from being made whole within the policy limits and from recovering "all sums" to which they were legally entitled.

Similarly, in *State Farm Mut. Auto. Ins. Co. v. Johnson*, 126 Ga. App. 45, 47-49 (1) (190 SE2d 113) (1972), the uninsured motor vehicle policy provided $5,000 for medical expenses for each person and contained a clause to the effect that payments made under the medical benefits provision could be deducted from the $10,000 coverage available under the uninsured motorist provision. *Johnson*, supra at 46. The opinion in *Johnson* does not recite the language of the clause,

but it appears the insurer interpreted it to allow a total recovery for one plaintiff under the policy of $10,000 at most; $5,000 paid under the medical provision, and $5,000 under the uninsured motorist provision. The $5,000 under the uninsured motorist provision was apparently calculated by accepting the $10,000 required minimum and deducting the $5,000 already paid. The court rejected the insurer's argument, held that a clause with such an effect would be unenforceable under the statute, and declared that benefits available under the medical provision and under the uninsured motorist provision could "stack." Id. at 47-48 (1). *Johnson* repeated the statement that an insured's recovery would be limited to actual damages within the limits of the policy. Id. at 49.

In *State Farm Mut. Auto. Ins. Co. v. Harper*, 125 Ga. App. 696, 699-700 (2) (188 SE2d 813) (1972) (physical precedent only as to Division 3, which does not figure here), the court upheld a clause providing that amounts payable under the uninsured motorist provision would be reduced by any amount previously paid under medical coverage. Uninsured motor vehicle coverage under the two policies was $40,000, while damages shown by the judgment were $32,500. The court determined that the judgment should have been reduced by $2,000 that had previously been paid under the medical coverage provisions, citing the principle that the insured should not receive more under his insurance policies than his actual damages and noting that such a recovery was contrary to the public policy behind the Uninsured Motorist Act. Enforcement of the contract provision did not contravene public policy. The court in *Harper* distinguished a federal case that declared a similar clause unenforceable, *Phillips v. State Farm Mut. Auto. Ins. Co.*, 437 F2d 365 (5th Cir. 1971), on the ground that the insured in *Phillips* had actual damages greater than his coverage. *Harper*, supra at 700 (2); see *Phillips*, supra at 370 (III). Enforcement of the contract provision in that case *would* have contravened public policy.

The policy considerations behind the statute are also seen in the recent decision of *Northbrook Property &c. Ins. Co. v. Merchant*, 215 Ga. App. 273 (450 SE2d 425) (1994) (cert. pending). In *Northbrook Property*, the uninsured motor vehicle policy included a clause that allowed the insurer to take a setoff against medical expenses for workers' compensation benefits already paid. Id. at 275 (2). Although the opinion did not specifically address whether the clause was contrary to the requirements of OCGA § 33-7-11 (a) (1), it did note that the purpose of the statute is to protect insureds as to actual losses, id. at 275, and concluded that the clause was "not precluded by statute or contrary to the public policy of this State." Id. at 276 (2).

When faced with various facts, the cases examined have sought to make the insured whole within his policy limits, yet have confined

recovery to actual losses. The clauses disallowed in *Murphy*, *Johnson*, and *Phillips* sought to reduce the *limit* of coverage available under the uninsured motorist provisions when there was an additional insurance payment. The clause at issue here specifically states that "[t]his does not reduce the limits of liability of this coverage." It does not operate to bar stacking of coverage; it is only a non-duplication of benefits provision that addresses the concern of double recovery. See *McCombs v. State Farm Mut. Auto. Ins. Co.*, 200 Ga. App. 28 (406 SE2d 549) (1991). The sole effect is to prevent double recovery when the insured has already received medical payments and the balance of the judgment will be within the uninsured policy limit.

The statutory interpretation Johnson advances would result in the double recovery of the medical benefits disapproved in *Murphy*, supra. Appellant's case resembles that of *Harper*; the insured will recover actual damages under the policy and cannot use the language of the Uninsured Motorist Act to collect more than actual damages. This case is distinguished from *Murphy*, *Johnson*, and *Phillips*, in that in each of those cases the actual damages were greater than the policy limits. It is that difference which explains why the setoff clauses were unenforceable in those cases, yet enforceable in *Harper* and here.

Because of the amount of damages ($190,043.10), the amount of the policy limit ($300,000), and the amount of the medical payments made and deducted from the uninsured motorist liability ($21,643.10), Johnson is receiving "all sums" she is entitled to. This is so because the uninsured motor vehicle coverage meets, and in this case exceeds, the actual damages. In such circumstance, the non-duplication clause operates to preclude double recovery, not to reduce the recovery of all sums for which the tortfeasor is liable. The rule that emerges from examination of the statute and the cases applying it is that a non-duplication of benefits clause providing for setoff of medical benefits paid *is* enforceable when damages are equal to or below the uninsured motor vehicle policy limits because in such circumstances the clause only reduces the uninsured motorist payment by the amount of the prior medical payment without reducing recovery of all damages. This is consistent with the public policy considerations behind uninsured motor vehicle coverage. Such a clause is *not* enforceable when actual damages are greater than the policy limits because it would then operate to reduce recovery to an amount below the judgment, violating the requirement that uninsured motor vehicle insurance contracts undertake "to pay the insured all sums which he shall be legally entitled to recover as damages . . . within limits [of the policy]." OCGA § 33-7-11 (a) (1).

Johnson argues that allowing State Farm to insert the non-duplication clause *does* allow it to reduce the coverage available, regardless

of the language of the clause itself. To the contrary, State Farm will be obligated to pay the entire amount of the judgment (barring any recovery from Gresham) and Johnson will receive her full judgment. As that amount is well within the coverage limit of $300,000 available to her, she will suffer no reduction in her coverage limit.

Johnson also contends that to allow State Farm to have the verdict reduced by the amount State Farm has already paid for medical expenses would violate the collateral source rule. "The collateral source rule has never applied so as to require an insurance company to pay 'duplicate damages' to a claimant. [Cit.]" *Orndorff v. Brown,* 197 Ga. App. 591, 592 (1) (399 SE2d 77) (1990). Neither OCGA § 33-7-11 nor the collateral source rule requires that Johnson receive double recovery. The court correctly enforced the contract clause limiting Johnson's recovery to her actual damages.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED MARCH 8, 1995.

*Edgar L. Crossett III, Samuel P. Pierce, Jr.,* for appellants.
*Cooper & Allen, Gary M. Cooper, Crim & Bassler, Mitchell S. Evans,* for appellee.