S00A1421. CROMER v. DENMARK.
(540 SE2d 183)

FLETCHER, Presiding Justice.

We granted Nicola Cromer's application for discretionary appeal to consider whether a workers' compensation award is subject to the parent's child support obligation. Because a lump settlement of a workers' compensation claim is primarily for future lost wages, we hold that it is within the scope of gross income and should be considered in calculating the child support obligation. The trial court's ruling to the contrary is reversed.

When Ernest Chapman Denmark, Jr. and Cromer divorced, their settlement agreement, which was incorporated into the final divorce decree, provided that Denmark was to pay Cromer $100 a week, or 32% of his income, whichever was greater, as child support for the couple's four minor children. In a contempt action, Cromer contended that Denmark's settlement of a workers' compensation claim for $40,000 should be considered as income in determining whether he was in compliance with the requirement that he pay 32% of his income as child support.

Whether a workers' compensation award falls within gross income depends upon a factual analysis of the elements of damage

the award was intended to remedy.[1] A lump sum workers' compensation award may be made for "future income benefits"[2] and may also contain a sum for the claimant's attorney if the State Board of Workers' Compensation approves the fee under OCGA § 34-9-108.

OCGA § 19-6-15 (b) (1) provides that "computation of child support shall be based upon gross income." OCGA § 19-6-15 (b) (2) includes within gross income "100 percent of wage and salary income . . . and all other income, except need-based public assistance." This definition is broad in keeping with the public policy of requiring parents to provide support for their minor children.[3]

If the award is made for lost income, then it falls within the plain language of OCGA § 19-6-15 and must be included within gross income for determining a child support award. This holding is consistent with the long-standing rule that workers' compensation benefits are subject to garnishment to satisfy a child support award.[4] The portion of the award that represents attorney's fees, however, cannot logically be considered the equivalent of wages or income and should not be considered when calculating an appropriate child support award.

The record establishes that $10,140.95 of the award was designated as attorney's fees and expenses, $2,628.43 was paid to the Child Support Receiver on behalf of Cromer, the remaining $27,230.62 was paid directly to Denmark "for any and all disability benefits to which [he] may be entitled," and that the award did not include sums for future medical benefits.[5] The trial court's finding that the entire award was for pain and suffering is erroneous as a matter of law because no portion of a workers' compensation award may be for pain and suffering.[6]

Because the settlement amount received by Denmark is "gross income," the trial court erred in concluding that it could not be considered in determining whether Denmark was in contempt for failure to pay 32% of his income as child support.

*Judgment reversed. Benham, C. J., Fletcher, P. J., Sears, Hunstein, Carley and Thompson, JJ., and Judge Herbert E. Phipps concur. Hines, J., disqualified.*

---

[1] See *Dees v. Dees*, 259 Ga. 177 (377 SE2d 845) (1989) (whether workers' compensation award is marital property depends upon purpose of award).

[2] OCGA § 34-9-222.

[3] OCGA § 19-7-2.

[4] *American Mut. Liab. Ins. Co. v. Hicks*, 159 Ga. App. 214 (283 SE2d 18) (1981).

[5] See *Atha v. Jackson Atlanta*, 159 Ga. App. 433 (283 SE2d 654) (1981) (lump sum settlement may not bar recovery of future medical benefits).

[6] *Doss v. Food Lion*, 267 Ga. 312, 313 (477 SE2d 577) (1996).

DECIDED JANUARY 8, 2001.

*Donald R. Donovan*, for appellant.
*Gregory J. Konke, Jason R. Hasty*, for appellee.

