## A06A0929. DEES et al. v. LOGAN.
(637 SE2d 424)

MILLER, Judge.

Terry E. Dees was injured in an automobile collision. He and his wife, Freta G. Dees, sued the other driver, Shirley A. Logan, seeking, among other things, punitive damages. The jury awarded Mr. Dees $130,000 for past lost wages, $4,939 for reimbursement of COBRA payments, and $10,000 for past pain and suffering, and Mrs. Dees $5,000 for loss of consortium. In a post-trial motion, State Farm Mutual Automobile Insurance Company ("State Farm") argued that the Dees could not recover under its uninsured motorist policy (the "UM policy"). State Farm specifically claimed that because Mr. Dees had already received $83,200 in workers' compensation and $70,056 in social security disability benefits, and because an unallocated $25,000 pretrial settlement had been paid to the Dees by Logan's liability insurer, State Farm could use such payments to offset its obligation to pay the damages awarded by the jury. The trial court granted the motion and ordered that the Dees take nothing from State Farm or Logan.

On appeal, the Dees claim that the trial court erred by (i) reducing Mr. Dees' recovery under the UM policy in violation of OCGA § 33-7-11 (a) (1), (ii) using the amount of workers' compensation and other benefits received by Mr. Dees as a set-off against all of Mr. Dees' damages (as opposed to using such benefits only as a set-off against his damages for past lost wages), and (iii) failing to properly set off the $25,000 pretrial settlement against each element of the jury's special verdict. The Dees also contend that the trial court erred in granting State Farm's motion in limine to exclude evidence that Logan was driving under the influence of crack cocaine and that she may have intentionally crossed over the centerline when she collided with Mr. Dees' vehicle, which ultimately precluded the Dees' claim for punitive damages.

As explained more fully below, we discern no error as to the trial court's grant of State Farm's motion in limine, and therefore affirm the ruling of the trial court in that regard. We conclude, however, that the trial court erred in part by using the benefits paid to Mr. Dees to set off the jury's award for damages other than those for past lost wages, and further erred by failing to properly allocate the $25,000 pretrial settlement to evenly reduce each element of the jury's special verdict. We therefore reverse those rulings of the trial court and remand with direction.

1. The Dees claim that the trial court erred in granting State Farm's motion in limine to exclude evidence that Logan was driving under the influence and that she intentionally crossed the centerline before colliding with the Dees' vehicle. Specifically, the Dees argue

that the jury was entitled to consider Logan's entire act of negligence because such evidence was probative of their entitlement to punitive damages. We disagree.

"A trial court's ruling on a motion in limine is reviewed for abuse of discretion. [Cits.]" *Forsyth County v. Martin*, 279 Ga. 215, 221 (3) (610 SE2d 512) (2005). Because the grant of a motion in limine forecloses the admission of the evidence at trial, "the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care." (Citation omitted.) Id.

The Dees correctly argue that the excluded evidence would have constituted an aggravating circumstance relevant to the issue of punitive damages. See *Moore v. Thompson*, 255 Ga. 236, 237-238 (336 SE2d 749) (1985) (evidence of driving under the influence was an aggravating circumstance that would allow the jury to award punitive damages). As explained below, however, since none of the defendants in this action was responsible for paying any punitive damages award, the trial court did not err by excluding such evidence. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1.

Before trial, the Dees negotiated the partial settlement with Logan and her insurer. Pursuant to OCGA § 33-24-41.1, this settlement released Logan from liability except to the extent other insurance coverage was available to cover the Dees' claims. The insurer served in this action, State Farm, was not liable to pay punitive damages because it was a UM insurer. See *Roman v. Terrell*, 195 Ga. App. 219 (393 SE2d 83) (1990) (punitive damages may not be recovered from a UM carrier). While the Dees speculate that there may be other insurance available to pay a punitive damages award against Logan, they were unable to show the existence of such insurance in the trial court. Thus, the Dees fail to show any error or harm from the trial court's exclusion of evidence relevant to a class of damages that neither Logan, nor State Farm, nor any other insurance company, was liable to pay. Accordingly, the trial court did not err in granting State Farm's motion in limine on this account.[1]

2. The Dees contend that the trial court erred in reducing their damages by setting off the workers' compensation, social security disability, and other benefits paid to Mr. Dees against any portion of

---

[1] To the extent that the Dees also contend that the trial court erred in granting the motion in limine because the excluded evidence was relevant to the issue of proximate cause, the Dees can show no harm because the jury found for the Dees on the issue of liability. "It is axiomatic in Georgia appellate law that an appellant, to secure a reversal, must show not only error but harm." (Citation and punctuation omitted.) *Cornelius v. Lawrence*, 203 Ga. App. 113, 115 (2) (416 SE2d 115) (1992).

the special verdict of the jury. In this regard, the Dees claim that OCGA § 33-7-11 (a) (1) requires that UM insurance pay, within applicable policy limits, "all sums which [the] insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. . . ." We disagree.

Here, the UM insurance policy expressly provides "any amount payable under this coverage shall be reduced by any amount paid or payable to or for the *insured*: (a) under any workers' compensation, disability benefits or similar law." (Emphasis in original.) In Georgia, UM insurance policy language that provides for a set-off for damages awarded to the extent that workers' compensation has paid benefits to the insured is proper. See *Ferqueron v. State Farm &c. Ins. Co.*, 271 Ga. App. 572, 573-574 (610 SE2d 184) (2005); *Northbrook Property &c. Ins. Co. v. Merchant*, 215 Ga. App. 273, 275 (2) (450 SE2d 425) (1994). The Dees do not claim that the rule should be otherwise as to social security disability or other benefits. Indeed, the countervailing tenet of Georgia law is to prevent an insured from receiving a double recovery through a UM policy. See *Anderson v. Mullinax*, 269 Ga. 369, 370 (2) (497 SE2d 796) (1998) ("[T]here is no public policy interest in encouraging double recovery under UM coverage.") (footnote omitted); *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541 (455 SE2d 91) (1995) (upholding nonduplication of benefits clause in UM policy of insurance as to medical payments).

Thus, to the extent that the Dees argue that the UM statute prohibits any reduction of damages on account of workers' compensation and other benefits payable to Mr. Dees, such argument is without merit.

3. The Dees contend in the alternative, however, that if a set-off against the entirety of the jury's verdict is not erroneous as violative of OCGA § 33-7-11 (a) (1), then such a set-off is nevertheless erroneous to the extent that the benefits are used to reduce the jury's damages award for damages other than those for past lost wages. We agree.

As stated in Division 2, supra, UM insurance policy provisions may properly allow for a set-off for damages to the extent that benefits have been paid to the insured. See *Ferqueron*, supra, 271 Ga. App. at 573-574. It follows from this, however, that where a special verdict is concerned, a set-off may not extend to areas of damages that are unrelated to the benefits received. See, e.g., *Cromer v. Denmark*, 273 Ga. 290, 291 (540 SE2d 183) (2001) ("[N]o portion of a workers' compensation award may be for pain and suffering.") (footnote omitted); *Doss v. Food Lion*, 267 Ga. 312, 313 (2) (477 SE2d 577) (1996) (workers' compensation excludes compensation for loss of consortium). Thus, State Farm remained obligated to pay the jury's award for those areas of damages that were not covered by the benefits

received by Mr. Dees — damages for past pain and suffering, COBRA reimbursement, and loss of consortium. State Farm's duty to pay these damages is in accordance with its responsibility to pay all sums the Dees are entitled to recover as damages. See *Hudson v. Whited*, 250 Ga. App. 451, 452 (552 SE2d 447) (2001) (UM policy provisions that reduce an insurer's liability by amounts payable from other insurance are contrary to the UM statute if they thwart the insured's ability to recover "all sums" the insured is legally entitled to recover); *Johnson*, supra, 216 Ga. App. at 543-544 ("[T]he cases [seek] to make the insured whole within his [or her] policy limits, yet [confine] recovery to actual losses."). Accordingly, the trial court erred to the extent that it imposed a set-off to reduce the jury's award for damages other than for past lost wages.

4. The foregoing stated, however, the Dees' damages must still be calculated upon a consideration of the unallocated $25,000 pretrial settlement. In this regard, the Dees correctly contend that the trial court erred in failing to allocate the $25,000 pretrial settlement against the special verdict on a pro rata basis.

"Because the settlement was unallocated at the time the verdict was returned, the full amount of the settlement must be set off from the entire jury verdict." (Footnote omitted.) *Ga. Pipe Co. v. Lawler*, 262 Ga. App. 22, 25 (1) (584 SE2d 634) (2003), overruled in part on other grounds, *Kia Motors America v. Range*, 276 Ga. App. 360, 365 (1) (623 SE2d 514) (2005). Inasmuch as the jury returned a special verdict in the circumstances of this case, rather than a general verdict as in *Ga. Pipe*, a pro rata allocation of the instant settlement must be set off against each element of the special verdict to evenly distribute the settlement against the "entire" verdict.

To establish the pro rata amount of each damages award, the trial court should divide the entire amount of the jury award minus the unallocated settlement ($149,939-$25,000 = $124,939) by the entire amount of the jury award ($149,939). The resulting quotient (0.8332655), a number representing the entire jury award as reduced by the settlement in proportion to the entire jury award, is then multiplied by each damages award to calculate the damages pro rata. Here, this results in damages awards, pro rata, of $108,324.52[2] for past lost wages, $4,115.50[3] for COBRA reimbursement, $8,332.66[4] for pain and suffering, and $4,166.33[5] to Mrs. Dees for loss of consortium. Since, as we discussed in Divisions 2 and 3, State Farm

---

[2] $130,000 x 0.8332655
[3] $4,939 x 0.8332655
[4] $10,000 x 0.8332655
[5] $5,000 x 0.8332655

is entitled to a set-off against the jury's award for past lost wages, and since the Dees have already received benefits for past lost wages in excess of the jury's award for past lost wages calculated pro rata, the damages award for past lost wages is zero. The case is remanded with direction that the trial court enter a judgment against State Farm consistent with this decision.

*Judgment affirmed in part and reversed in part and case remanded with direction. Johnson, P. J., concurs. Ellington, J., concurs in judgment only.*

DECIDED SEPTEMBER 12, 2006 —
RECONSIDERATION DENIED OCTOBER 11, 2006 — ■■■■■■■■

*Chambers, Aholt & Rickard, Clyde E. Rickard III, Edward J. Bauer*, for appellants.

*Harper, Waldon & Craig, Russell D. Waldon, Carlock, Copeland, Semler & Stair, Edward T. McAfee, Jay F. Eidex*, for appellee.

*Flournoy, Morgan & Schnatmeier, Matthew C. Flournoy*, amicus curiae.