S07G0290. DEES et al. v. LOGAN.
(653 SE2d 735)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Dees v. Logan*, 281 Ga. App. 837 (637 SE2d 424) (2006), to determine whether, under the provisions of an uninsured motorist policy, a damage award to the insured can be offset by workers' compensation and similar benefits paid to the insured. The short answer is "no."

Dees and his wife brought suit against Logan seeking damages for injuries suffered in an automobile collision. The jury awarded the Dees $130,000 for lost wages, $4,939 for reimbursement of COBRA payments, $10,000 for pain and suffering and $5,000 for loss of consortium. The Dees' uninsured motorist carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), argued that it could offset the jury's award by amounts Dees had already received in workers' compensation benefits ($83,200), social security disability benefits ($70,056), and a pretrial settlement with Logan's liability insurer ($25,000). In this regard, State Farm pointed out that its UM policy expressly provided that "any amount payable . . . shall be reduced by any amount paid or payable to or for the *insured*: (a) under any workers' compensation, disability benefits or similar law." The trial court accepted State Farm's argument and ordered that the Dees recover nothing from State Farm or Logan. The Dees appealed,

and the Court of Appeals affirmed in part, holding that the trial court properly reduced the damage award by offsetting the benefits paid to Dees. In so doing, the Court of Appeals relied upon earlier decisions in which it ruled that nonduplication of benefits clauses in UM policies were enforceable.[1]

Georgia's uninsured motorist statute provides:

> The endorsement or provisions of the policy providing the coverage required by this Code section may contain provisions which exclude any liability of the insurer for injury or destruction of property of the insured for which he has been compensated by other property or physical damage insurance.

OCGA § 33-7-11 (i). The plain meaning of this subsection is that an uninsured motorist carrier can setoff benefits which its insured may have received to compensate for property loss. This being so, we must conclude that the legislature did not intend to authorize an insurer to setoff benefits received for personal injury. That is because when a statute expressly mentions one of many things, the omitted things must be regarded as having been deliberately excluded. *Alexander Properties Group v. Doe*, 280 Ga. 306, 309 (626 SE2d 497) (2006); *C. Brown Trucking v. Rushing*, 265 Ga. App. 676, 677 (595 SE2d 346) (2004).

When an uninsured motorist policy provision is in conflict with the clear intent of OCGA § 33-7-11, the policy provision is unenforceable and the statute controls. *Hartford Accident & Indemnity Co. v. Booker*, 140 Ga. App. 3, 4 (1) (230 SE2d 70) (1976). "Exclusions in uninsured motorist endorsements cannot 'circumvent the clear mandate of the [Georgia] (Uninsured Motorist) Act by withholding the protection required.' [Cit.]" *Rampley v. Doe*, 179 Ga. App. 475, 476 (347 SE2d 255) (1986). Inasmuch as the uninsured policy provision in this case permits a setoff for personal injury benefits, it is in conflict with the plain mandate of the Uninsured Motorist Act. It follows that the policy provision is void and unenforceable. Cases holding otherwise are hereby overruled.

State Farm asserts that the 2006 amendment to OCGA § 33-7-11 (Ga. L. 2006, p. 815) demonstrates the intent of the legislature to

---

[1] See *Ferqueron v. State Farm &c. Ins. Co.*, 271 Ga. App. 572, 573-574 (610 SE2d 184) (2005); *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541 (455 SE2d 91) (1995); *Northbrook Property &c. Ins. Co. v. Merchant*, 215 Ga. App. 273, 275 (2) (450 SE2d 425) (1994). *Dacosta v. Allstate Ins. Co.*, 188 Ga. App. 10 (372 SE2d 7) (1988) did not reach a contrary conclusion. The issue to be resolved in that case was choice of law – and the court held that Tennessee law applied. The court did not determine whether Georgia law permits an insurer to offset workers' compensation benefits. It simply recognized that Georgia's statute was different from Tennessee's in that regard.

permit a setoff for damages related to personal injuries. We disagree. That amendment simply substituted "for bodily injury, loss of consortium or death of an insured" for "all sums which said insured shall be legally entitled to recover" in subparagraph (a) (1). Viewed in context, that amendment offers no insight into whether the legislature intended to allow uninsured motorist insurers to offset workers' compensation benefits or other similar benefits. If the legislature did so intend, it should have amended subparagraph (i) to expressly provide for exclusions for personal injury.

We reject the notion that the legislature necessarily acquiesced in the Court of Appeals' interpretation of OCGA § 33-7-11 and that, therefore, stare decisis requires this Court to affirm the judgment of the appellate court. Compare *Brunswick Savings & Trust Co. v. National Bank*, 102 Ga. 776, 779-780 (29 SE 688) (1898) (stare decisis can be invoked with force and reason where for over 50 years legislature acquiesced in this Court's construction of statute enabling acquisition of title to property).

State Farm also posits that, inasmuch as Dees is not entitled to a double recovery,[2] he cannot be permitted to receive workers' compensation benefits or other similar benefits in addition to a recovery under his uninsured motorist policy. Again, we disagree. Dees is not recovering twice; and State Farm is not paying twice. On the contrary, Dees is merely recovering sums he is due from Logan, the owner of the uninsured motor vehicle, and benefits he is otherwise entitled to receive from other sources. Compare *Bennett v. Haley*, 132 Ga. App. 512, 522 (16) (208 SE2d 302) (1974) (plaintiff can recover damages from tortfeasor notwithstanding receipt of Medicaid benefits) with *Orndorff v. Brown*, 197 Ga. App. 591 (399 SE2d 77) (1990) (collateral source rule does not require insurer to pay claimant twice). See also *McGlohon v. Ogden*, 251 Ga. 625, n. 1 (308 SE2d 541) (1983) (tortfeasor cannot reduce liability because plaintiff received payments from other sources).

In passing, we note that our holding is in accord with a majority of jurisdictions which have uninsured motorist statutes that do not expressly permit or prohibit reduction clauses and which hold that offsets for workers' compensation benefits are impermissible. See Annot., 31 ALR5th 116.

*Judgment reversed. All the Justices concur.*

CARLEY, Justice, concurring.

I concur fully in the majority's holding that, when damages for personal injury are awarded in a tort action against an uninsured

---

[2] See generally *Carter v. Banks*, 254 Ga. 550, 552 (330 SE2d 866) (1985).

motorist, the uninsured motorist carrier cannot set off from that recovery the amount of workers' compensation and similar benefits received by the insured. However, I write separately to further support the majority's correct resolution of the issue.

The applicable provisions of former OCGA § 33-7-11 (a) (1) required that a motor vehicle liability policy issued in this state contain "an endorsement or provisions undertaking to pay the insured *all sums* which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . ." (Emphasis supplied.) The code does not contain any additional provision which expressly precludes the uninsured motorist carrier from asserting the right to setoff workers' compensation and similar benefits from the insured's recovery of damages against the tortfeasor. However, OCGA § 33-7-11 (i) does further specify that

> [t]he endorsement or provisions of the policy providing the coverage required by this Code section *may* contain provisions which exclude any liability of the insurer for injury or destruction of *property* of the insured for which he has been compensated by *other property or physical damage insurance.* (Emphasis supplied.)

As the majority correctly notes, this approval of a limited setoff for collateral benefits received as indemnification for property damage implies the exclusion of any comparable setoff for collateral benefits received for other types of damage. See *Alexander Properties Group v. Doe*, 280 Ga. 306, 309 (1) (626 SE2d 497) (2006).

Thus, when the relevant statutory provisions are read together and harmonized, it is apparent that, at the times applicable to this appeal, a motor vehicle liability policy issued in Georgia was required to provide uninsured motorist coverage for any damages recoverable by the insured against the tortfeasor, except to the limited extent that the carrier could, if it chose, exclude from coverage such property damage as had been indemnified from another source. Workers' compensation and similar benefits are not payable to an insured as indemnification for the injury or destruction of his or her property. They are payable based upon the physical injury suffered as the consequence of the uninsured motorist's negligence. Therefore, such benefits cannot be the subject of a setoff, since they are within the broad coverage mandated by former OCGA § 33-7-11 (a) (1) and are not subject to the narrow exclusion authorized by OCGA § 33-7-11 (i).

This construction of the Georgia statutes is consistent with existing authority. In *Dacosta v. Allstate Ins. Co.*, 188 Ga. App. 10 (372 SE2d 7) (1988), the dispositive issue was whether the applicable uninsured motorist law was that of Tennessee, where the insured

lived and the policy was issued, or of Georgia, where the collision occurred and the injury was sustained. That determination was of critical importance because the insurer proposed to setoff the insured's workers' compensation benefits, and

> Tennessee law allow[ed] an insurer's liability for uninsured motorist benefits to be offset by any collateral benefits received by the injured person. [Cit.] . . . [However,] *the Georgia uninsured motorist statute . . . does not provide for any such setoff . . . .* (Emphasis supplied.)

*Dacosta v. Allstate Ins. Co.*, supra at 11. The conclusion reached was that the insurer was entitled to assert the setoff, because "[t]he mere fact that the two states have different laws in this regard does not mean that the Tennessee law cannot be enforced. [Cits.]" *Dacosta v. Allstate Ins. Co.*, supra. Thus, *Dacosta* recognized that Georgia law was "different" because it did not provide for a setoff of workers' compensation benefits.

In this case, the Court of Appeals reached the contrary conclusion, based upon several of its decisions decided after *Dacosta* which recognized that a setoff for workers' compensation and similar benefits is permissible. See *Dees v. Logan*, 281 Ga. App. 837, 839 (2) (637 SE2d 424) (2006).

> Where a statute has, by a long series of decisions, received a judicial construction in which the General Assembly has acquiesced and thereby given its implicit legislative approval, the courts should not disturb that settled construction. [Cits.]

*Abernathy v. City of Albany*, 269 Ga. 88, 90 (495 SE2d 13) (1998). Thus, if the post-*Dacosta* decisions cited by the Court of Appeals did, in fact, construe the relevant uninsured motorist statutes and the General Assembly thereafter acquiesced in that construction, then reliance on them would be proper here. See generally *Hall v. Hopper*, 234 Ga. 625 (216 SE2d 839) (1975).

As the majority notes, the General Assembly did amend OCGA § 33-7-11 (a) (1) in 2006, so as to eliminate the former requirement that uninsured motorist coverage be provided for "all sums" recoverable as damages by the insured against the tortfeasor. Under the current version of the statute, the policy must contain

> an endorsement or provisions undertaking to pay the insured damages for bodily injury, loss of consortium or death of *an insured* or for injury to or destruction of property of *an*

*insured* under the named insured's policy sustained from the owner or operator of an uninsured motor vehicle . . . . (Emphasis supplied.)

Ga. L. 2006, pp. 815, 816, § 1. However, that amendment to OCGA § 33-7-11 (a) (1) was not in effect at the times relevant to this appeal and is, therefore, not applicable here. Moreover, as the majority correctly notes, even if it had been, it does not express the legislative intent to permit an uninsured motorist carrier to offset workers' compensation and similar benefits against the damages awarded to the insured for personal injuries. Instead, the 2006 enactment is clearly the General Assembly's response to *Gordon v. Atlanta Cas. Co.*, 279 Ga. 148, 149 (611 SE2d 24) (2005), wherein this Court held that former OCGA § 33-7-11 (a) (1)

require[d] an insurer to pay damages for the death of a person who was not covered under the policy. . . . The language of the [former] statute is plain and it is not illogical. It clearly states that the insurer is to pay "*all* sums which (the) insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." [Cit.] All means all, every single one. Since the insured in this case is entitled to recover damages for the death of his son against the owner or driver of the uninsured vehicle, he is entitled to recover those damages against his insurer. (Emphasis in original.)

Obviating that holding in *Gordon*, by limiting uninsured motorist coverage to such physical and property damage as was suffered by one who is "an insured" under the policy, is not equivalent to an authorization for a setoff of workers' compensation and comparable benefits. Since the General Assembly has not amended OCGA § 33-7-11 (a) (1) or any other uninsured motorist statute in any material respect, the question thus becomes whether the post-*Dacosta* decisions relied upon by the Court of Appeals are binding authority for construing those provisions as authorizing such a setoff.

The earliest post-*Dacosta* decision cited by the Court of Appeals is *Northbrook Property & Cas. Ins. Co. v. Merchant*, 215 Ga. App. 273, 276 (2) (450 SE2d 425) (1994). That case correctly cited *Dacosta* for the proposition that enforcement of the Tennessee statute would not frustrate this state's public policy, but the opinion then proceeded to ignore *Dacosta*'s express recognition that Georgia statutes were different in that they did not provide for a setoff. *Northbrook Property & Cas. Ins. Co. v. Merchant*, supra at 275 (2). The mere fact that enforcement of the setoff authorized under Tennessee law would not

violate this State's public policy does not support the very different proposition that such a setoff "is not precluded by [Georgia] statute . . . ." *Northbrook Property & Cas. Ins. Co. v. Merchant,* supra at 276 (2). That holding in *Northbrook Property & Cas. Ins. Co.* could not have been based upon a consideration and construction of OCGA § 33-7-11, since no provision of that statute was cited therein. Instead, the conclusion that no Georgia statute precludes such a setoff was obviously based upon the failure even to consider the applicable terms of OCGA § 33-7-11. While it is true that no statute expressly prohibits a setoff of workers' compensation and similar benefits, it is equally true, as *Dacosta* had recognized, that OCGA § 33-7-11 does implicitly preclude such a setoff. A judicial decision, such as *Northbrook Property & Cas. Ins. Co.*, which mistakenly construed *Dacosta* is certainly not controlling authority on the question of the proper construction of what is in fact the relevant extant legislation.

The Court of Appeals also cited *Ferqueron v. State Farm Mut. Auto. Ins. Co.*, 271 Ga. App. 572 (610 SE2d 184) (2005) as authority for its holding in this case. However, that decision merely perpetuated the erroneous holding of *Northbrook Property & Cas. Ins. Co.* that no Georgia statute existed to preclude such a setoff. While *Ferqueron* did cite former OCGA § 33-7-11 (a) (1), it did not mention OCGA § 33-7-11 (i). Former subsection (a) (1) and subsection (i) of OCGA § 33-7-11 must be construed in pari materia. As previously noted, there is no statute in this state which expressly prohibits a setoff of workers' compensation and similar benefits, but OCGA § 33-7-11 (i), when construed together with former OCGA § 33-7-11 (a) (1), constitutes an implicit preclusion.

Accordingly, the majority correctly overrules such cases as failed to construe former subsection (a) (1) of OCGA § 33-7-11 together with subsection (i) of the same provision and which, consequently, erroneously held that a setoff of workers' compensation and similar benefits is not precluded by statute. Even with legislative acquiescence, a judicial construction predicated upon only *part* of the relevant statutory provision is not binding authority for the interpretation of *all* elements of the applicable statute. The unfortunate failure to follow *Dacosta* which commenced in *Northbrook Property & Cas. Ins. Co.* has now been rectified by today's opinion, which reestablishes that, regardless of the law in other states such as Tennessee, OCGA § 33-7-11, when properly construed in its entirety, does not allow a policy to provide for any setoff of collateral benefits that the insured has received for personal injuries.

DECIDED NOVEMBER 21, 2007 —
RECONSIDERATION DENIED DECEMBER 14, 2007.

*Chambers, Aholt & Rickard, Clyde E. Rickard III, Edward J. Bauer*, for appellants.

*Harper, Waldon & Craig, Thomas D. Harper, Russell D. Waldon, Kimberly Ann McNamara, Trevor G. Hiestand, Proctor, Chambers & Hutchins, Edward T. McAfee*, for appellee.

*Matthew C. Flournoy*, amicus curiae.