A10A1632. STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY v. HALL.

(709 SE2d 867)

MILLER, Presiding Judge.

In September 2006, Linda W. Hall was injured in an automobile accident and sued the other driver, Jose Manuel Vazquez. Following a trial, the trial court entered judgment on the jury's verdict in the amount of $85,000, of which $49,174.93 compensated Hall for her medical expenses and $35,000 compensated her for her pain and suffering. Citing *Dees v. Logan*, 282 Ga. 815 (653 SE2d 735) (2007), Hall's uninsured motorist ("UM") carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), appeals from the trial court's denial of its motion for reduction of the jury verdict, arguing that it is entitled to setoff its pretrial payment of Hall's medical expenses in the amount of $46,794.96 under the medical coverage term of Hall's insurance policy against the remaining benefits available to her under the UM coverage — this in satisfaction of the trial court's award of medical expenses. At the times relevant to this appeal, UM carriers were not permitted to setoff benefits received for personal injury from collateral sources, including, as here, the medical payments term of Hall's policy. Accordingly, we conclude that the trial court properly denied State Farm's motion for reduction of the jury's verdict and affirm.

A trial court's ruling on a motion to reduce verdict based on a question of law, as here, is reviewed de novo. When reviewing a trial court's ruling on a legal question, we owe no deference to that court. *Suarez v. Halbert*, 246 Ga. App. 822, 824 (1) (543 SE2d 733) (2000).

The record shows that Vazquez's insurer, GEICO, tendered the $25,000 limit of his policy before trial. The parties concede that the $25,000 paid by GEICO reduced Hall's available UM coverage with State Farm from $100,000 to $75,000. At issue, is whether State Farm may reduce its contractual obligation to pay available UM benefits to Hall in light of its payment of her medical expenses in the amount of $46,794.96 under the medical payments coverage of her

State Farm policy.

Before its amendment in 2008,[1] OCGA § 33-7-11 (i) provided:

> The endorsement or provisions of the policy providing the coverage required by this Code section may contain provisions which exclude any liability of the insurer for injury or destruction of property of the insured for which he has been compensated by other property or physical damage insurance.

In 2007, the Supreme Court of Georgia held that

> [t]he plain meaning of [the foregoing] subsection is that an uninsured motorist carrier *can setoff benefits* which its insured may have *received to compensate for property loss*. This being so, we must conclude that *the legislature did not intend to authorize an insurer to setoff benefits received for personal injury*. That is because when a statute expressly mentions one of many things, the omitted things must be regarded as having been deliberately excluded. *Alexander Properties Group v. Doe*, 280 Ga. 306, 309 (626 SE2d 497) (2006); *C. Brown Trucking v. Rushing*, 265 Ga. App. 676, 677 (595 SE2d 346) (2004).

(Emphasis supplied.) *Dees*, supra, 282 Ga. at 816. Further, our Supreme Court held that

> [w]hen an uninsured motorist policy provision is in conflict with the clear intent of OCGA § 33-7-11, the policy provision is unenforceable and the statute controls. *Hartford Accident & Indemnity Co. v. Booker*, 140 Ga. App. 3, 4 (1) (230 SE2d 70) (1976). Exclusions in uninsured motorist endorsements cannot circumvent the clear mandate of the

---

[1] OCGA § 33-7-11 (i) was amended in 2008 as follows:

In addition to any offsets or reductions contained in the provisions of division (b)(1)(D)(ii) of this Code section, an endorsement or the provisions of the policy providing the coverage required by this Code section may contain provisions which exclude any liability of the insurer for injury to or destruction of property of the insured for which such insured has been compensated by other property or physical damage insurance and *may contain provisions which exclude any liability of the insurer for personal or bodily injury or death for which the insured has been compensated pursuant to "medical payments coverage," as such term is defined in paragraph (1) of Code Section 33-34-2, or compensated pursuant to workers' compensation laws.*

(Emphasis supplied.) Ga. L. 2008, p. 1192, §§ 1, 2. The amendment applies to cases on and after January 1, 2009 and thus not to the instant case.

Georgia Uninsured Motorist Act by withholding the protection required. *Rampley v. Doe*, 179 Ga. App. 475, 476 (347 SE2d 255) (1986).

(Punctuation omitted.) Id. Since the UM policy provision in this case permits a setoff of State Farm's payment of Hall's medical expenses under the medical payments term of her policy,[2] it conflicts with the plain mandate of OCGA § 33-7-11 (i), which, prior to 2008, did not authorize insurers to setoff benefits received for personal injury.[3] It is well settled that to construe the 2008 amendment to OCGA § 33-7-11 (i) retroactively to avoid the foregoing result is impermissible. See *London Guarantee & Accident Co. v. Pittman*, 69 Ga. App. 146, 156-157 (1) (25 SE2d 60) (1943) ("Retrospective statutes are forbidden by the first principles of justice. . . . Retrospective laws which divest previously acquired rights on principle occupy the same position with ex post facto laws. Upon principle, every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past, must be deemed retrospective.") (citations and punctuation omitted.)

Additional support for the trial court's refusal to reduce the verdict in this case is evident in the 2008 amendment to OCGA § 33-7-11 (i), supra, wherein the legislature authorized insurers to setoff compensation paid to injured insureds pursuant to medical payments coverage in addition to compensation paid to them under other workers' compensation laws. Certainly, our legislature enacted the 2008 amendment to OCGA § 33-7-11 (i) with full knowledge of the reach of that subsection prior to its amendment. *Dove v. Dove*, 285 Ga. 647, 649 (4) (680 SE2d 839) (2009). It follows that the UM term in this case permitting a setoff for medical expenses paid Hall

---

[2] Such provision provided "[a]ny expense paid or payable under the medical payments coverage will not be paid for again as damages under this coverage. This does not reduce the limits of liability of this coverage."

[3] State Farm cites *Johnson v. State Farm &c. Ins. Co.*, 216 Ga. App. 541 (455 SE2d 91) (1995), for the proposition that the nonduplication of benefits clause in this case as to medical payments coverage is enforceable. Significantly, however, in deciding *Dees* the Supreme Court of Georgia disapproved the ruling in *Johnson* and decided that insurers were not authorized to setoff benefits received for personal injury. *Dees,* supra, 282 Ga. at 816. By a comparison citation, *Dees* points to *Orndorff v. Brown*, 197 Ga. App. 591 (399 SE2d 77) (1990), for the proposition that the "collateral source rule does not require [an] insurer to pay . . . twice." *Dees*, supra, 282 Ga. at 817. The Supreme Court does not expressly overrule *Orndorff* in citing it for purposes of comparison in *Johnson*. The Supreme Court, however, otherwise overrules cases predating the 2008 statutory amendment that hold that an uninsured policy provision may not permit a setoff for personal injury benefits. Simply stated, the Supreme Court held that the law as then applicable under OCGA § 33-7-11 (i) did not authorize insurers to setoff benefits received for personal injury. *Dees*, supra, 282 Ga. 816.

for personal injury under the medical payments coverage of her State Farm policy is void and unenforceable. *London Guarantee*, supra, 69 Ga. App. at 156-157 (1); *Dove*, supra, 285 Ga. at 649.

Under the circumstances, therefore, the trial court did not err in denying State Farm's motion for reduction of the jury's verdict.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED MARCH 28, 2011 —
RECONSIDERATION DENIED APRIL 14, 2011 —

*Harper, Waldon & Craig, Russell D. Waldon, Hilliard V. Castilla, Kimberly A. McNamara*, for appellant.

*Killian & Boyd, Robert P. Killian, Brown, Readdick, Bumgartner & Carter, Garret W. Meader*, for appellee.