S98A1837. JACKSON COUNTY BOARD OF HEALTH v. FUGETT
CONSTRUCTION, INC. et al.
S98X1838. EEE ZZZ LAY DRAIN COMPANY, INC. v. JACKSON
COUNTY BOARD OF HEALTH et al.
(514 SE2d 28)

BENHAM, Chief Justice.

EEE ZZZ Lay Drain Company (hereinafter "EZ") manufactures systems for on-site management of sewage (septic tanks). This case arose when Fugett Construction sought approval from the Jackson County Board of Health (hereinafter "Board") for the installation of one of EZ's systems. When the Board would only grant approval if the system were installed with more material than is called for in the manufacturer's specifications, Fugett Construction and EZ filed an action for mandamus and injunctive relief. EZ contended first that its systems had been approved for state-wide use under the present statutory scheme, established by a 1997 amendment to OCGA § 31-2-7, pursuant to which the Georgia Department of Human Resources grants state-wide approval of on-site sewage management systems. In the alternative, EZ contended that since its systems had earned state-wide approval under the statutory scheme in effect prior to 1997, pursuant to which systems were subject to approval by individual county boards of health, but could achieve state-wide approval when ten county boards of health had approved them, it had a vested right in continuation of that approval. The 1997 amendment to the statute, however, did not include EZ's systems in the definition of "prior approved systems," i.e., those which were not subject to the newly instituted procedure for approval of on-site sewage management systems. That exclusion, EZ contends, unconstitutionally deprived it of its vested right to approval.

The trial court ruled that EZ had failed to prove that it had gotten state-wide approval under the current procedures, but found that one of EZ's four systems had been approved statewide prior to the 1997 amendment. Interpreting the pre-1997 statute as bestowing a vested right to continuing approval once it was achieved, the trial court held that the statute which carried over approval of other systems but not EZ's was unconstitutional because it was a retroactive statute which deprived EZ of a vested right. The Board appeals the latter ruling in the main appeal, and in the cross-appeal, EZ appeals the trial court's holding that it had not proved that all of its systems were approved under the current procedure.

1. Under the principle that cases should be decided on constitutional grounds only as a last resort (*Grantham v. Grantham*, 269 Ga. 413 (2) (499 SE2d 67) (1998)), we turn first to the cross-appeal because a reversal there would obviate the need to consider the constitutional issue. EZ argues that the trial court erred in sustaining a

best-evidence objection to testimony which EZ asserts would establish that its on-site sewage management systems had been approved under the 1997 statutory scheme. The thrust of EZ's argument on this issue is that the evidence sought was not the contents of a document, but the fact of approval of the systems. However, where questioning of a witness refers to a document and seeks production of the contents of that document, the best evidence rule is properly invoked. *Webster v. Brown*, 213 Ga. App. 845 (4) (446 SE2d 522) (1994). In the present case, the questioning of EZ's witness by EZ's counsel referred specifically to a document, the "Manual for On-Site Sewage Management Systems," and sought to establish that EZ's systems were listed in that document as approved systems. Under those circumstances, we hold that the trial court did not err in sustaining the best-evidence objection. Id.

EZ argues that there was other evidence of approval of its systems pursuant to the amended statutory scheme, and we note that there was, indeed, testimony regarding recommendations of approval. However, there was also testimony that the recommendations had not yet ripened into approval, supporting the trial court's finding that the systems had not yet been approved. Since the trial court's findings in that regard are not clearly erroneous, this Court will not disturb them. *City of Roswell v. Heavy Machines Co.*, 256 Ga. 472, 474 (349 SE2d 743) (1986). We conclude that the trial court did not err in holding that EZ had not borne its burden of proving approval of its systems under the amended statute. That portion of the judgment attacked by the cross-appeal is, therefore, affirmed.

2. The trial court held that the 1997 amendment of the statutory scheme for approval of on-site sewage management systems violated the constitutional proscription against retroactive laws because it deprived EZ of a vested right. "An enactment under the police power does not ordinarily violate any constitutional prohibition against retroactive statutes. Nevertheless, our Constitution forbids passage of retroactive laws which injuriously affect the vested rights of citizens. [Cits.]" *Recycle & Recover, Inc. v. Ga. Bd. of Natural Resources*, 266 Ga. 253 (2) (466 SE2d 197) (1996). The first question to be answered, therefore, is whether EZ has a vested right which the new statutory scheme injuriously affects.

"To be vested, in its accurate legal sense, a right must be complete and consummated, and one of which the person to whom it belongs cannot be divested without his consent. A divestible right is never, in a strict sense, a vested right." [Cit.] It has also been said that: "the term 'vested rights,' which cannot be interfered with by retrospective laws, means interests which it is proper for the state to recognize

and protect and of which the individual cannot be deprived arbitrarily without injustice." [Cits.]

*Hayes v. Howell*, 251 Ga. 580 (2) (b) (308 SE2d 170) (1983).

EZ bases its claim to a vested right on its contention that state-wide approval under the pre-1997 version of OCGA § 31-2-7 was the functional equivalent of a license. It argues that a manufacturer of sewage management systems, having fulfilled all the requirements for state-wide approval of the system, gained the entitlement and right to market and sell its products. That entitlement and right, EZ asserts, cannot be taken from it absent culpable conduct on its part.

If former OCGA § 31-2-7 operated as EZ posits it does, we would be inclined to agree that state-wide approval pursuant to the statute would be in the nature of a license. However, we do not believe EZ is correct in its interpretation of the pre-1997 statutory scheme for the regulation of on-site sewage management systems. The pre-1997 version of OCGA § 31-2-7 (b) provided that a system which had been approved statewide as provided for elsewhere in the statute "shall . . . be approved for installation in every county of the state; provided, however, that such on-site, individual sewage management system shall be required to meet local regulations authorized by law." At that time, OCGA § 31-3-5.1 provided that

> each county board of health shall have the power and duty to adopt regulations providing standards and requirements governing the installation of septic tanks or individual sewage management systems within the unincorporated areas of the county. Such regulations shall include, *but shall not be limited to*, [five areas of regulation relating to where and under what circumstances individual sewage management systems could be used, and the process for permitting them].

(Emphasis supplied.)

The highlighted portion of the quoted statutory language is the key to understanding that state-wide approval of a particular system did not constitute a license or any other vested right. Because that language gave each county the power to make regulations imposing additional requirements for the installation of sewage management systems, it cannot be said that state-wide approval constituted a right "complete and consummated, . . . of which the person to whom it belongs cannot be divested without his consent." *Hayes v. Howell*, supra at 584. Since any county could "divest" EZ of the supposed right to have its systems installed without further approval, the approval does not meet the definition of vested right set out in *Hayes v. Howell*.

Our interpretation of the statute as not granting vested rights in approval of sewage management systems is supported by the changes made to the above-cited sections in 1997. The same amendment that changed the approval system in OCGA § 31-2-7 also changed the scope of the approval power of local boards of health. While former OCGA § 31-2-7 made the approval subject to local regulations, the 1997 version of the statute makes no mention of local approval. Former OCGA § 31-3-5.1 gave local boards the power to impose requirements in addition to those imposed by the State, but the equivalent provision after the 1997 amendment specifically limits the local boards' regulatory power to matters involving where in the county and on what type of lots individual sewage management systems may be installed, and the procedures for permits, inspection of installation, and maintenance of such systems. OCGA § 31-3-5 (b).

What may be seen from the comparison of the old and new statutory schemes is that state-wide approval under the pre-1997 system was merely a provision that gave each county a choice of accepting sewage management systems based on the approval of the State, or of imposing its own standards. Viewed in that way, state-wide approval was for the benefit of the counties and cannot be seen as a license granted to a manufacturer. No license or state-wide approval was necessary under the pre-1997 scheme because every manufacturer was free under that scheme to market and sell its products in every county, needing only the approval of that county, and not guaranteed such approval in any county merely because the system had statewide approval. The replacement of county-approval process with a centralized process did not take from EZ anything more than its expectation that the pre-1997 procedure for approval would continue.

> In organized society, every person holds all he possesses, and looks forward to all he hopes for, through the aid and under the protection of the laws; but as changes of circumstances and of public opinion, as well as other reasons affecting the public policy, are all the while calling for changes in the laws, and as these changes must influence more or less the value and stability of private possessions, and strengthen or destroy well-founded hopes, and as the power to make very many of them could not be disputed without denying the right of the political community to prosper and advance, it is obvious that many rights, privileges, and exemptions which usually pertain to ownership under a particular state of the law, and many reasonable expectations, cannot be regarded as vested rights in any legal sense.

(Citation and punctuation omitted.) *Goldrush II v. City of Marietta,*

267 Ga. 683, 697 (482 SE2d 347) (1997). Since the pre-1997 version of the statute conferred on EZ no vested right, the General Assembly had the authority to change that system without concern for retrospective application. *Recycle & Recover, Inc. v. Ga. Bd. of Natural Resources*, supra. We conclude, therefore, that the trial court erred in holding that the statutory amendment at issue violated the constitutional proscription against retroactive legislation, and its judgment in that regard must be reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 15, 1999.

*McArthur & McArthur, John J. McArthur,* for Jackson County Board of Health.

*Eidson & Associates, Timothy R. Brennan,* for Fugett Construction and EEE ZZZ Lay Drain Company.