A02A0539. COLLINS v. BAZAN.
(568 SE2d 72)

MILLER, Judge.

The trial court entered a permanent protective order under OCGA § 16-5-94 (d) that in part prohibited an alleged stalker from publishing or discussing with any person his former girlfriend's private medical condition. We hold that the statute does not authorize

---

[10] *Mobley v. Coast House, Ltd.*, 182 Ga. App. 305, 309 (355 SE2d 686) (1987).

such a prohibition and therefore reverse that portion of the order. The remainder of the order is affirmed.

Following a breakup with Jeani Bazan, Michael Collins repeatedly contacted her over her objection, leading to a consent temporary protective order that in part prohibited such contact and further prohibited him from publishing or discussing a private medical condition of Bazan with any person. Before the TPO expired, Bazan moved to have Collins held in contempt and further asked that the TPO be converted into a permanent protective order. Following a hearing, the trial court held Collins in contempt and, over objection, entered a permanent protective order that incorporated the terms of the TPO, specifically including the prohibition against publishing or discussing Bazan's medical condition with others. Challenging only that specific prohibition, Collins on appeal argues that the prohibition violates constitutional principles concerning freedom of speech and overbroadness and further is not authorized by the controlling statute, OCGA § 16-5-94 (d).

1. In the trial court, Collins failed to raise any constitutional objections to the proposed order. "Constitutional issues not raised below are not preserved for appeal. [Cits.]" *Norman v. State*, 197 Ga. App. 333, 334 (3) (398 SE2d 395) (1990); see *Shaw v. State*, 225 Ga. App. 193, 194 (2) (483 SE2d 646) (1997); *Johnson v. Hames Contracting*, 208 Ga. App. 664, 666 (3) (431 SE2d 455) (1993).

2. Collins's objection below that the prohibition exceeded the scope of the statute was well founded. The statute authorizing the permanent protective order is OCGA § 16-5-94 (d), which provides in pertinent part: "The court may grant a protective order or approve a consent agreement to bring about a cessation of conduct constituting stalking. Orders or agreements may: (1) Direct a party to refrain from such conduct; [and] (2) Order a party to refrain from harassing or interfering with the other. . . ."

Subsection (d) (1) allows a court to prohibit a party from stalking the other party. Stalking is defined as when a party "follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person." OCGA § 16-5-90 (a) (1). Publishing or discussing a person's medical condition with others obviously does not constitute following, placing under surveillance, or contacting that person.

The question therefore is whether the court's power in subsection (d) (2) to prohibit a party from "harassing or interfering" with the other party authorizes a prohibition against publishing or discussing the other party's medical condition with third parties. We hold it does not. In construing the stalking statutes so as to find them constitutional, the Supreme Court of Georgia in *Johnson v. State*, 264

Ga. 590, 592 (1) (449 SE2d 94) (1994), explained that "to the extent that the challenged statutes do proscribe communicative conduct, their restriction *is clearly limited to* a knowing and willful course of harassment and intimidation, which is not protected expression under the First Amendment." (Citations and punctuation omitted; emphasis supplied.) Under the stalking statutes, harassment and intimidation refer to conduct that at a minimum places the victim in reasonable fear for her safety or the safety of her immediate family. OCGA § 16-5-90 (a) (1). Thus, under *Johnson*, OCGA § 16-5-94 (d) (2) can only authorize prohibiting speech that at least places the victim in reasonable fear for her safety or that of her immediate family. Here there was no evidence that publishing or discussing Bazan's medical condition with others would threaten her or her family's safety. This author notes that this conduct is extremely insensitive and unacceptable; however, at most knowledge of the condition would be embarrassing to Bazan. Accordingly, the court lacked authority to prohibit Collins from publishing or discussing that condition with others. That portion of the order is therefore reversed, and the remainder (which is unchallenged) is affirmed.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 13, 2002 —
RECONSIDERATION DENIED JUNE 27, 2002

*Lohmeier & Lohmeier, Gregory J. Lohmeier*, for appellant.
*Spruell, Taylor & Associates, Melinda D. Taylor*, for appellee.