S05A1992. ALEXANDER PROPERTIES GROUP, INC.
v. DOE et al.
(626 SE2d 497)

BENHAM, Justice.

We granted the application for interlocutory appeal filed by Alexander Properties Group, Inc., an entity which manages an apartment complex at which appellee Jane Doe was the victim of a gang rape/sexual molestation when she was 13, to review the trial court's grant of a protective order to the Cobb County District Attorney in the premises liability action brought by Doe's mother against Alexander Properties.

During the investigation of the criminal acts, a videotape made by the assailants of a significant portion of the assaults was seized and turned over to the Cobb County District Attorney, who successfully prosecuted the perpetrators. After Jane Doe filed this premises

liability civil action, Alexander Properties sought a copy of the videotape from the DA and was refused. When Alexander Properties served the DA with a request for production of documents by a non-party under OCGA § 9-11-34 (c), the DA sought a protective order pursuant to OCGA § 9-11-26 (c), asserting, among other things, that giving to attorneys for Alexander Properties the requested material depicting a minor engaged in sexually-explicit conduct is a felony under OCGA § 16-12-100 (b) (5), and the mere possession of the videotape by attorneys for Alexander Properties is a felony under OCGA § 16-12-100 (b) (8).[1] In response to the DA's motion, Alexander Properties filed a challenge to the constitutionality of OCGA § 16-12-100 (b) (5) and (b) (8), contending the subsections violated the constitutional guarantees of due process, equal protection, trial by jury, and access to the courts. The trial court granted the DA's motion for a protective order after holding that the statutory subsections did not violate constitutional rights and concluding the DA would be subject to criminal liability should he be required to produce the tape. The trial court also issued a certificate of immediate review which Alexander Properties used to apply successfully to this Court for interlocutory review, which application we granted.

1. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. . . ." OCGA § 9-11-26 (b) (1). OCGA § 9-11-26 (c) authorizes the trial court in which an action is pending, "[u]pon motion by a party or by the person from whom discovery is sought and for good cause shown, . . . [to] make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . ." The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court (*Bridges v. 20th Century Travel*, 149 Ga. App. 837, 839 (256 SE2d 102) (1979)), and the exercise of that discretion is reviewed on appeal for abuse. *Fulton County Bd. of Assessors v. Saks Fifth Avenue*, 248 Ga. App. 836, 842 (547 SE2d 620) (2001).

---

[1] OCGA § 16-12-100 (b) (5) makes it unlawful for "any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (b) (8) makes it unlawful for "any person knowingly to possess or control any material which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." OCGA § 16-12-100 (d) provides that subsection (b) does not apply "to the activities of law enforcement and prosecution agencies in the investigation and prosecution of criminal offenses or to legitimate medical, scientific, or educational activities."

In the case at bar, the trial court ruled a protective order was necessary to protect the DA from being subjected to criminal liability under OCGA § 16-12-100 (b) (5) for producing the videotape in response to the request for discovery from Alexander Properties. Because we conclude that OCGA § 16-12-100 (b) (5) does not make criminal the act of producing the videotape in response to a court order or a request for discovery, we conclude the trial court abused its discretion when it misapplied the law to this case. See *Williams v. State*, 277 Ga. 598 (1) (e) (592 SE2d 848) (2004) (deference owed the trial court's exercise of discretion is diminished when the trial court has misapplied the law to some degree or has clearly erred in its finding of facts).[2]

OCGA § 16-12-100 (b) (5) makes it unlawful for "any person knowingly to create, reproduce, publish, promote, sell, distribute, give, exhibit, or possess with intent to sell or distribute any visual medium which depicts a minor or a portion of a minor's body engaged in any sexually explicit conduct." As a criminal statute, OCGA § 16-12-100 (b) (5) must be strictly construed against the State since the liberty of a citizen is not abridged by implication and a statute making an act a crime is not extended beyond its express terms. *Perkins v. State*, 277 Ga. 323, 326 (588 SE2d 719) (2003).[3]

While the statute expressly prohibits one from creating, reproducing, publishing, promoting, selling, distributing, giving, exhibiting, or possessing with the intent to sell or distribute the videotape at issue, one who receives a request for discovery is asked to *produce* documents or things, an action not listed in OCGA § 16-12-100 (b) (5). "Produce" is used as a verb throughout the Georgia Code to mean "to provide (a document, witness, etc.) in response to subpoena or discovery request" in a judicial or quasi-judicial setting, or "to bring into existence; to create." Black's Law Dictionary, 7th ed. 1999.[4] "[P]roduction of documents or things" is one of the statutory methods by which discovery in civil litigation is obtained. OCGA § 9-11-26 (a) ("Parties may obtain discovery by one or more of the following

---

[2] We do not address arguments based on OCGA § 16-12-100 (b) (8) made to this Court since the trial court did not address that subsection in making its decision.

[3] The rule requiring strict construction of criminal statutes is equally applicable where, as here, the criminal statute is being construed in the context of a civil action. *Fleet Finance, Inc. of Ga. v. Jones*, 263 Ga. 228 (3) (430 SE2d 352) (1993).

[4] The latter use of the term, exemplified by OCGA § 8-3-11 ("to *produce* revenues"); OCGA § 12-8-122 ("any person who *produces* . . . low-level radiation"); OCGA § 16-13-22 ("to *produce* psychic or physiological dependence liability"); OCGA § 16-11-31 ("conduct which urges . . . others to riot at a time and place and under circumstances which *produce* a clear and present danger . . ."); OCGA § 16-12-140 ("with intent to *produce* a miscarriage or abortion"); OCGA § 27-4-200 ("to *produce*, manufacture, or possess any forged or false documents") is not at issue in this case.

methods: . . . production of documents or things. . . ."). A party to a suit may serve on other parties and non-parties a request to *produce* designated documents (OCGA § 9-11-34 (a) (1), (c) (1)) and, under the Georgia Code, a subpoena can command a person "to *produce* . . . designated . . . tangible things" (OCGA § 9-11-45 (a) (1) (C)); various bodies are authorized "[t]o issue subpoenas to compel any person to . . . *produce* documentary or other evidence . . ." (OCGA § 21-5-6 (a) (5)), or to "call for the claimant to *produce* such reports" (OCGA § 28-5-101 (b)); a commissioner is empowered to "issue an order requiring such person . . . to *produce* documentary evidence" (OCGA § 26-2-81 (b) (2)); and there are statutory consequences for failure "to *produce* records, documents or other evidence . . . in obedience to the subpoena" (OCGA § 8-3-212 (c) (1)), or in response to a licensing agency. OCGA § 43-40-25 (b) (27).

It is clear the verb "produce" has a distinct meaning in judicial and quasi-judicial proceedings that the General Assembly has repeatedly recognized. Pursuant to the principle of statutory construction, "Expressum facit cessare tacitum" (if some things are expressly mentioned, the inference is stronger that those omitted were intended to be excluded) and its companion, the venerable principle, "Expressio unius est exclusio alterius" ("The express mention of one thing implies the exclusion of another"), the list of actions in OCGA § 16-12-100 (b) (5) is presumed to exclude actions not specifically listed (see *George L. Smith II Ga. World Congress Center Auth. v. Soft Comdex*, 250 Ga. App. 461 (1) (b) (550 SE2d 704) (2001)), and the omission of "produce" from OCGA § 16-12-100 (b) (5) is regarded by the courts as deliberate. *Bankwest v. Oxendine*, 266 Ga. App. 771, 774 (598 SE2d 343) (2004); *C. Brown Trucking v. Rushing*, 265 Ga. App. 676 (1) (595 SE2d 346) (2004); *CGU Ins. Co. v. Sabel Indus.*, 255 Ga. App. 236 (2) (564 SE2d 836) (2002).

In sum, the action taken by the Cobb County DA in lawfully responding to a request for discovery or a court order involving discovery is not an act covered by OCGA § 16-12-100 (b) (5) and the trial court erred when it determined otherwise. In light of the above, we reverse the trial court's grant of a protective order and remand the case to the trial court for consideration of the motion for protective order in light of our construction of OCGA § 16-12-100 (b) (5). Should the trial court, upon further consideration, believe a protective order is necessary, we note the ability of the trial court to exercise its discretion under OCGA § 9-11-26 (c) to fashion a limited protective order, should the trial court determine limitations are necessary. Cf. *Tennille v. State*, 279 Ga. 884 (1) (622 SE2d 346) (2005) (noting the means crafted by appellate courts in Tennessee, Nevada, Arizona and California to ensure criminal defense counsel faced with a statute

similar to OCGA § 16-12-100 (b) (5) meaningful access to the contraband at the heart of the criminal prosecution of their client).

2. In keeping with the long-established rule that this Court will never decide a constitutional question if the case can be decided on other grounds (*Jackson County Bd. of Health v. Fugett Constr.*, 270 Ga. 667 (1) (514 SE2d 28) (1999); *Grantham v. Grantham*, 269 Ga. 413 (2) (499 SE2d 67) (1998); *Hill v. Busbia*, 217 Ga. 781, 782 (125 SE2d 34) (1962); *Taylor v. Flint*, 35 Ga. 124 (3) (1866)), we do not address appellant's constitutional challenges to OCGA § 16-12-100 (b) (5), (8).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED FEBRUARY 13, 2006 —
RECONSIDERATION DENIED MARCH 13, 2006.

*Hawkins & Parnell, T. Ryan Mock, Jr., Christopher S. Keith*, for appellant.

*Andrew H. Agatston, Robertson, Bodoh & Nasrallah, Matthew G. Nasrallah, Hugh W. Rowling, Jr., Thurbert E. Baker, Attorney General*, for appellees.