A06A1674. RAWCLIFFE v. RAWCLIFFE.
(641 SE2d 255)

ELLINGTON, Judge.

Ashley Rawcliffe civilly petitioned the Superior Court of Cobb County for a 12-month protective order under OCGA § 16-5-94 to enjoin Ara Rawcliffe, her sister-in-law, from stalking her. On February 21, 2006, following an evidentiary hearing, the court granted the protective order and enjoined Ara from contacting, following, or approaching within 500 yards of Ashley. The order also prohibited Ara from owning or possessing firearms for the duration of the protective order. Ara appeals, contending the evidence was insufficient, that the court exceeded its power when it ordered Ara not to own or possess a firearm, and that the protective order violates public policy. For the reasons that follow, we affirm in part and vacate in part.

1. Our review of orders granting civil 12-month protective orders under OCGA § 16-5-94[1] is deferential. As we have held,

---

[1] OCGA § 16-5-94 (a) provides, in relevant part: "A person who is not a minor who alleges stalking by another person may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90."

[t]he grant or denial of a motion for protective order generally lies within the sound discretion of the trial court. Accordingly, we will not reverse absent an abuse of that discretion. And as with protective orders under the Family Violence Act, it is not this Court's function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments. The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is any reasonable evidence to support it. Moreover, we note that the standard for obtaining a stalking protective order is proof by a preponderance of the evidence. OCGA §§ 16-5-94 (e) and 19-13-3 (c).

(Citations and punctuation omitted.) *Pilcher v. Stribling*, 278 Ga. App. 889, 890-891 (1) (630 SE2d 94) (2006).

Viewed in this light, the record shows that in January 2006, Ara repeatedly made unwanted telephone calls to Ashley. The calls were harassing in nature, and on one occasion, Ara threatened to beat Ashley up. One day, Ara called Ashley's place of employment several times and, on one occasion, left a message "in a very aggressive voice" with a receptionist, telling her to have Ashley call her or she would "come down [there] and have it out with Ashley." Later that day, a woman appeared at Ashley's office and, "on behalf of Ara," chased Ashley to her car. Ashley changed her work schedule and eventually quit her job to avoid the harassment. When she filed her petition, Ashley was three-months pregnant, lived alone while her husband was in military flight school, and was very concerned for her safety and that of her unborn child.

This evidence supports the trial court's finding, under the preponderance of the evidence standard, that Ara knowingly and wilfully stalked Ashley without her consent for the purpose of harassing and intimidating her. Therefore, the court did not err in entering a 12-month protective order pursuant to OCGA § 16-5-94. See *Pilcher v. Stribling*, 278 Ga. App. at 893 (1); see also OCGA § 16-5-90 (a).

2. Ara contends the court exceeded its authority when it prohibited her from owning or possessing a firearm for the duration of the protective order. We agree. The relief a court may grant pursuant to this Code section is set forth in OCGA § 16-5-94 (d).[2] See *Collins v.*

---

[2] OCGA § 16-5-94 (d) provides that the "court may grant a protective order or approve a consent agreement to bring about a cessation of conduct constituting stalking." The orders or agreements may: "(1) Direct a party to refrain from such conduct; (2) Order a party to refrain from harassing or interfering with the other; (3) Award costs and attorney's fees to either party; and (4) Order either or all parties to receive appropriate psychiatric or psychological services

*Bazan,* 256 Ga. App. 164, 165-166 (2) (568 SE2d 72) (2002) (discussing generally the scope of conduct that may be prohibited). Because the court was not specifically authorized to prohibit Ara from owning or possessing a firearm, that portion of the protective order is hereby vacated.

3. Ara contends the court's order violates Georgia's public policy in favor of family harmony and unity because it prevents Ara from having any contact with her own brother, who is Ashley's husband, or his immediate family, who are Ara's parents. The court's form order, which appears to be intended to prohibit Ara from contacting Ashley *through* another person, including Ara's brother or his parents, can be construed as Ara contends. This is because the order prohibits contact with the "Petitioner and/or Petitioner's immediate family." As we stated in Division 2, the relief a court may provide pursuant to this Code section is limited to that listed in OCGA § 16-5-94 (d). Because the court may enter an order prohibiting Ara's harassment of Ashley without limiting Ara's contact with her own family, the court's order is vacated to the extent it may be construed to prohibit Ara from contacting her brother and her parents or being with her brother and her parents when Ashley is not present.

*Judgment affirmed in part and vacated in part. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 12, 2007.

*Jason D. Treadaway,* for appellant.
Ashley Rawcliffe, *pro se.*

as a further measure to prevent the recurrence of stalking."