### A09A0321. HARRIS v. HUNTER.

(677 SE2d 765)

JOHNSON, Presiding Judge.

On June 9, 2008, Debra Hunter civilly petitioned the Superior Court of DeKalb County for a 12-month protective order under OCGA § 16-5-94 to enjoin Anthony Harris from stalking her. Following an evidentiary hearing, the trial court granted the protective order and enjoined Harris from contacting, touching, pursuing, or approaching within 100 yards of Hunter. Harris appeals, claiming that the evidence was insufficient to support the trial court's ruling. We disagree and affirm.

The grant of a motion for a protective order generally lies within the sound discretion of the trial court.[1] Accordingly, we will not reverse such a grant absent an abuse of that discretion.[2]

> And as with protective orders under the Family Violence Act, it is not this Court's function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments. The trial court is in the best position to make determinations on these issues, and we

---

[1] *Rawcliffe v. Rawcliffe*, 283 Ga. App. 264, 265 (1) (641 SE2d 255) (2007).
[2] Id.

will not overrule its judgment if there is any reasonable evidence to support it.[3]

Viewed in this light, the record shows that Hunter and Harris attended the same church in DeKalb County. Hunter testified that Harris would regularly tell her how pretty she was, would consistently sit directly in front of or behind her at church, regardless of where she sat or how many empty chairs were available, and was "constantly staring" at her. In June 2007, Harris approached Hunter while they were attending a church service. Hunter told Harris that he was too close to her and asked him to get out of her space, but Harris replied that he would leave "if [he] choose [sic] to." After Hunter's husband spoke with Harris about not standing so close to his wife, Harris apologized for his behavior.

In December 2007, despite being asked to stay away from Hunter, Harris approached Hunter after a church service and bumped his crotch into her buttocks. When Hunter turned around, Harris apologized. In June 2008, Harris approached Hunter after a church service and bumped his crotch into Hunter's buttocks with such force that it caused her to "launch forward." Again, when Hunter turned around, Harris apologized. As a result of Harris' behavior, Hunter feared for her safety.

This evidence supports the trial court's finding, under the preponderance of the evidence standard, that Harris knowingly and wilfully stalked Hunter without her consent for the purpose of harassing and intimidating her. As a result, the trial court did not abuse its discretion in granting Hunter's motion for a 12-month protective order.[4]

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

DECIDED APRIL 22, 2009.

*Felisa M. Harris*, for appellant.
Debra Hunter, *pro se*.

---

[3] (Citation omitted.) Id.
[4] Id.