## A11A2086. MARTIN v. WOODYARD.
### (723 SE2d 293)

ADAMS, Judge.

Marlena Martin appeals following the imposition of a stalking protective order, arguing that the trial court abused its discretion by entering the order because the evidence was insufficient to establish the elements of the offense of stalking. We agree and reverse.

The record shows that the appellee, Walter C. Woodyard II,[1] filed a petition for a temporary protective order based on allegations of stalking, specifically that Martin sent him a harassing e-mail and that she created a website with Steve Brewer, a former business associate of Woodyard, to destroy him. Woodyard also sought a protective order against Brewer, and a joint hearing was held on these petitions, following which the trial court dismissed the petition against Brewer but issued a stalking 12-month protective order against Martin.

Testimony presented at the hearing and other evidence of record shows that the difficulties between Martin and Woodyard stemmed from a dispute over property Martin leased from Woodyard, and this dispute had resulted in litigation. At the hearing, Woodyard read several profanity-laden e-mails he alleged Martin sent him, and he also testified that she had created a website and had been e-mailing others "slanderous stuff" but offered no proof of these other alleged acts other than his own testimony. Further, despite the profane and scurrilous nature of the e-mails, Woodyard testified that he would not have filed the petition seeking the protective order against Martin but for her association with Brewer, about whom he expressed fear. Specifically he testified that "all the time she was bothering me, I wasn't worried about it. When [Brewer] got involved with her, now it's a concern."

---

[1] We note that Woodyard has not filed a brief on appeal.

Martin testified at the hearing and denied sending the e-mails Woodyard introduced at the hearing. She further testified that some of the content of the e-mails reflected e-mails she had sent Woodyard, but asserted that Woodyard had either "doctored" the e-mails to insert the "virulent" language or written them himself and made it appear that they were sent from her e-mail address. However, the trial judge ruled that Woodyard had presented prima facie evidence that Martin sent the e-mails, and that Martin had failed to introduce expert testimony to prove her contention that she was not the sender.

As to her relationship with Brewer, Martin stated that she had contacted him to discuss a lawsuit he had filed against Woodyard, which she discovered during a search of court records. Martin denied that she had any regular contact with Brewer and specifically denied that she knew about the website that had supposedly been created about Woodyard. On cross-examination, Woodyard continued to testify concerning his belief that Martin and Brewer had "become one and the same" and that Brewer was manipulating Martin and had her "doing" the website, but offered no evidence to support this other than his testimony about what he believed their relationship to be.

In issuing the protective order against Martin, the trial court specifically found that the "very profane and disgusting emails" were sufficient to support Woodyard's allegations of stalking. On appeal, Martin argues that the trial court abused its discretion by finding that Woodyard had met his burden of proof to show that she authored the e-mails, and that even if she did, they did not establish a course of conduct causing Woodyard to fear for his safety.

Stalking is defined in OCGA § 16-5-90 (a) (1):

> A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. . . . [T]he term "contact" shall mean any communication. . . . [T]he term "place or places" shall include any public or private property occupied by the victim other than the residence of the defendant. . . . [T]he term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose. . . .

In order to obtain a protective order based on stalking, the petitioner must establish the elements of the offense by a preponderance of the evidence. OCGA §§ 16-5-94 (e), 19-13-3 (c). "The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court . . . ," and will not be reversed absent an abuse of that discretion. *Alexander Properties Group, Inc. v. Doe*, 280 Ga. 306, 307 (1) (626 SE2d 497) (2006).

*Pilcher v. Stribling*, 282 Ga. 166, 167 (647 SE2d 8) (2007).

In this case, we agree with Martin that Woodyard did not meet his evidentiary burden and that the trial court abused its discretion by issuing the protective order. Even construed to support the trial court's imposition of the protective order, *De Louis v. Sheppard*, 277 Ga. App. 768, 769 (627 SE2d 846) (2006), and even assuming that sufficient evidence was presented that Martin sent Woodyard the profanity-laden e-mails, Woodyard testified that these e-mails, which did not contain any threats that Martin intended to cause him physical harm, did not concern him or cause him any fear for his safety, and that he only became concerned after Martin "teamed up" with Brewer against him because he feared Brewer. See *Wright v. State*, 292 Ga. App. 673, 676 (665 SE2d 374) (2008) (reversing defendant's conviction of aggravated stalking in part because there was "no evidence that [the alleged victim] was in reasonable fear for her safety"). Further, other than his own testimony, Woodyard offered no proof of his allegations that Martin and Brewer were acting in concert against him or that their alleged joint activities were of the type that would support a protective order based on the offense of stalking. Thus, based on the record before us, we find that Woodyard did not meet his burden of showing that Martin committed the offense of stalking and that, therefore, the protective order must be reversed. *Ramsey v. Middleton*, 310 Ga. App. 300, 302-303 (713 SE2d 428) (2011).

*Judgment reversed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED JANUARY 30, 2012.

Marlena Martin, *pro se.*
Walter C. Woodyard II, *pro se.*