**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**January 7, 2021**

# In the Court of Appeals of Georgia

A20A1131. BEYOND MEAT, INC. v. DON LEE FARMS, A DIVISION OF GOODMAN FOOD PRODUCTS, et al.

HODGES, Judge.

Don Lee Farms, a Division of Goodman Food Products, sued Beyond Meat, Inc., in California as a result of Beyond Meat's termination of the parties' manufacturing agreement. In furtherance of the California litigation, Don Lee served a subpoena on non-party FPL Foods, LLC, in Georgia. The trial court denied Beyond Meat's motion for a protective order and/or to quash the FPL subpoena, and Beyond Meat appeals, contending that the trial court erred by (1) adopting Don Lee's proposed order which made inappropriate findings of fact and conclusions of law that were beyond the scope of the discovery dispute and which concern disputed legal issues in the California litigation; and (2) denying the motion because the FPL

subpoena seeks irrelevant documents. For the reasons that follow, we vacate the trial court's order, and remand the case with direction.

"The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court, and the exercise of that discretion is reviewed on appeal for abuse." (Citation omitted.) *Alexander Properties Group v. Doe*, 280 Ga. 306, 307 (1) (626 SE2d 497) (2006). When the trial court misapplies the law or clearly errs in its findings of fact, however, the degree of deference owed to the trial court diminishes. Id. at 308 (1). Moreover,

> ordinarily, findings of fact by trial courts sitting without a jury are binding on appeal. But, where findings of fact are clearly erroneous, or wholly unsupported by the evidence, they may be set aside. And if the court's judgment is based upon a stated fact for which there is no evidence, it should be reversed.

(Citation and punctuation omitted.) *In the Interest of V. G.*, 352 Ga. App. 404, 409 (8) (a) (834 SE2d 901) (2019).

Here, the record demonstrates that Beyond Meat offers plant-based meatless products, including the Beyond Burger. Beyond Meat provides raw ingredients to a co-manufacturer who then cooks, processes, and packages the product. In 2014, Beyond Meat and Don Lee entered an exclusive supply agreement (the "Agreement")

2

for Don Lee to be a co-manufacturer of Beyond Meat's products. Beyond Meat alleges that it became concerned by health and safety issues after foreign objects were found in food products and after a Salmonella contamination occurred at Don Lee's manufacturing facility. Beyond Meat terminated the Agreement, which resulted in Don Lee suing Beyond Meat in California.

As is relevant to this dispute, Don Lee brought claims for breach of contract for the early termination of the Agreement, as well as misappropriation of trade secrets. Don Lee alleges that it developed proprietary methods for processing Beyond Meat's products, which were improperly shared with its competitors after termination of the Agreement. Don Lee also alleges that Beyond Meat's stated reasons for terminating the Agreement are pretextual, and that the real reason for the termination was so Beyond Meat could enter more economically favorable arrangements with Don Lee's competitors. Beyond Meat countersued, which included a claim for breach of contract concerning the purported failure to meet the health and safety standards of the Agreement.

Subsequent to the termination of the Agreement, Beyond Meet entered a contract with Georgia-based company FPL, in which FPL serves as a co-manufacturer. Don Lee served FPL with a subpoena seeking a broad and extensive

range of documents. In the California litigation, Don Lee also served Beyond Meat with a request for production of documents, which included some of the same categories of documents requested from FPL in the subpoena. In Georgia, Beyond Meat moved for a protective order and/or to quash the subpoena. In California, Beyond Meat moved for a protective order raising many of the same arguments asserted in the Georgia proceedings. The record does not contain an order by the California court concerning the discovery dispute, and it appears the motion was not decided by the time the trial court in Georgia ruled on the motion before it.

Following a hearing, at which argument was heard but no evidence presented, the trial court adopted a proposed order submitted by Don Lee which fully denied the motion for protective order and/or to quash without individually addressing the specific documents and categories of documents sought by the subpoena. Beyond Meat appeals.

1. Beyond Meat contends that the trial court erred in adopting verbatim the order drafted by Don Lee. Because the order contains factual findings which are not supported by the record, we agree.

4

This case illustrates the care which must be taken by the bench and the bar when relying on counsel for the parties to draft orders on behalf of the trial court. The Georgia Supreme Court has provided some instructive commentary:

> The trial court may request counsel (usually for the prevailing party) to prepare the findings and conclusions which, of course, the judge is at liberty to amend or change in any respect deemed proper. The purpose of findings of fact is threefold: as an aid in the trial judge's process of adjudication; for purposes of res judicata and estoppel by judgment; and as an aid to the appellate court on review. It has been noted that when the trial court adopts verbatim the proposed findings and conclusions of the prevailing party the adequacy of the findings is more apt to be questioned, the losing party may forfeit his undeniable right to be assured that his position has been thoroughly considered, and the independence of the trial court's thought process may be cast in doubt.

(Citations and punctuation omitted.) *Outdoor Advertising Assn. of Georgia v. Dept. of Transp.*, 186 Ga. App. 550 (1) (367 SE2d 827) (1988).

Turning to the present order drafted by counsel for Don Lee, it contains numerous findings which are unsupported by the evidence in the record before the trial court. Throughout the order, the trial court refers to the processes purportedly developed by Don Lee as "trade secrets." Whether the processes at issue constitute trade secrets under California law is in dispute in the California litigation. More

5

importantly, the record contains no evidence to support a conclusion one way or the other as to whether these processes constitute trade secrets under California law. See Cal. Civ. Code § 3426.1 (d) ("'Trade secret' means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."). Indeed, the limited record consists solely of the subpoena, the motion for protective order, the briefings in support of and opposition to the motion, a transcript of the argument of counsel at the motion hearing, and the order denying Beyond Meat's motion. Included as exhibits to the briefs are a portion of the pleadings filed in California. None of these documents contains any facts which would establish whether Don Lee's processes meet the elements of a trade secret, and as noted above, this question apparently remains pending before the California court.

The order also contains a factual finding that, through discovery in the California litigation, Don Lee discovered that its processes were disclosed by Beyond Meat to a different co-manufacturer named ProPortion Foods. While the record in this

6

case demonstrates that Don Lee makes such a claim in the California litigation, it certainly does not support the truth of the claim (nor does the record demonstrate the falsity of the claim). The record is entirely silent on what information, if any, was shared by Beyond Meat with ProPortion. Further, the order also states that the California trial court denied ProPortion's motion for summary judgment on Don Lee's misappropriation claim, but the trial record before us also contains no evidence of this assertion.

Although we review the trial court's order solely for an abuse of discretion, a trial court "abuse[s] its discretion when its ruling is unsupported by any evidence of record or when that ruling misstates or misapplies the relevant law." (Citation and punctuation omitted.) *Smith v. Northside Hosp.*, 347 Ga. App. 700, 703 (820 SE2d 758) (2018). Don Lee urges that any errors in the factual findings are harmless and not a basis for reversal pursuant to OCGA § 9-11-61, which provides:

> [n]o error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at

every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

We cannot find these errors harmless, however. Indeed, one of the conclusions of law made by the trial court in support of its finding that the evidence sought by the subpoena was discoverable stated "documents regarding whether Don Lee Farms' *trade secrets* have been disclosed to FPL Foods by Beyond Meat are *direct evidence of Beyond Meat's unlawful conduct*, and may lead to the discovery of additional witnesses or parties to Don Lee Farm's [sic] trade secret and misappropriation claims." (Emphasis supplied.) This legal conclusion that Beyond Meat acted unlawfully relies on a supposed finding that Beyond Meat misappropriated processes which constitute trade secrets – a conclusion unsupported by the limited record before the trial court and this Court.

Additionally, the trial court found, despite the lack of supporting record evidence, that Beyond Meat disclosed Don Lee's trade secrets with ProPortion and that the California court denied summary judgment to ProPortion on Don Lee's trade secret misappropriation claims. Don Lee claims it is entitled to the discovery sought here to investigate whether its trade secrets were shared with FPL, and we cannot say that an unsupported finding that Beyond Meat shared trade secrets with a different co-

8

manufacturer had no impact on the trial court's ruling that the evidence was discoverable.

With this decision, we do not suggest whether the trial court should grant or deny Beyond Meat's motion. We must vacate the order, however, so that the trial court may reconsider the motion based solely on the record before it.[1]

2. In light of our holding in Division 1, we need not reach the remaining enumeration of error.

*Judgment vacated and case remanded with direction. McFadden, C. J., and Doyle, P. J., concur.*

---

[1] On remand, in light of a similar motion having been filed in California concerning some of the same information sought in the FPL subpoena, the trial court may wish to consider re-opening the record to ascertain the California court's resolution of the discovery dispute. If it chooses to do so, the trial court can then decide whether to afford comity to the California court's ruling so as to avoid inconsistent results. See *Clark v. Baker*, 186 Ga. 65, 76 (196 SE 750) (1938) ("It is axiomatic to say that no law has any effect of its own beyond the limits of the sovereignty from which its authority is derived. When the courts of one state give effect to the law of another state, they do so because of comity. The enforcement of a foreign law and contracts dependent thereon for validity, within another jurisdiction and by the courts of another nation, is not to be demanded as a matter of strict right. It is permitted, if at all, only from the comity which exists between states and nations. Every independent community must judge for itself how far this comity ought to extend. The courts of this state may by comity enforce or refuse to enforce the laws of a sister state, dependent upon whether such laws, or rights sought to be upheld under them, contravene the settled policy of Georgia.") (citation and punctuation omitted).

9