**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 1, 2021**

# In the Court of Appeals of Georgia

A20A2102. BODI v. RYAN.

MARKLE, Judge.

Gabriel Bodi appeals from the trial court's issuance of a 12-month protective order prohibiting him from having any contact with Kerrie Ryan or her immediate family. On appeal, Bodi argues that the evidence was insufficient to establish the elements of stalking under OCGA § 16-5-90, and thus the trial court had no basis to issue a protective order. For the reasons that follow, we agree, and therefore, reverse.

We review the grant of a petition for a protective order for abuse of discretion. *Garnsey v. Buice*, 306 Ga. App. 565 (703 SE2d 28) (2010). "In reviewing the sufficiency of the evidence, we construe the evidence in favor of the findings of the trier of fact." Id. at 566 (1).

So viewed, the record shows that, in the summer of 2019, then-17-year-old Bodi was a school friend of Ryan's teenage sons, and he regularly spent time at their house. One day, Ryan and Bodi had a disagreement, and Bodi became belligerent, calling Ryan a "f---ing bitch."

Ryan later discovered that Bodi had been having a relationship with her 14-year-old daughter, and the girl had been sneaking out of the house at night to be with Bodi, sometimes staying with Bodi in his parents' basement. On one occasion, after the daughter stayed overnight at Bodi's parents' home, Bodi's mother drove the girl to school. Ryan found a video on the social media site Snapchat in which her daughter was naked and appeared to be under the influence of drugs. As a result, Ryan issued a "no trespass" warning to Bodi and his parents.

Despite the warning, Bodi continued to see Ryan's daughter, picking her up at night and bringing her home before the school bus arrived in the morning. In October, when she discovered her daughter was still sneaking out to see Bodi, Ryan called the police. A month later, Ryan learned that Bodi reentered her property, and she contacted police again. This time, Bodi was arrested for trespassing.

After Bodi was released, Ryan found another photo of her daughter with Bodi on social media. In December, the daughter snuck out of the house again to meet

Bodi. When she came home, the daughter agreed to voluntarily check into a behavioral health hospital.

Bodi then posted a statement to Snapchat, effectively publicizing the daughter's hospitalization on social media, along with the following commentary:[1]

> [F]--- you. Suck a fat-ass dick. Stupid ass bitch, you want to stalk my f---ing Snapchat story and keep your daughter in a mental hospital? Stalk this, you f---ing retarded bitch. You're going to die the worst way there is to die, and I am praying for it. F--- you, doing the most.

Ryan did not learn of Bodi's post until someone else sent it to her. Ryan then filed a police report and obtained an ex parte temporary protective order.[2] Following a hearing, the trial court issued a 12-month protective order, set to expire in December 2020, finding that Bodi's pattern of behavior was sufficiently threatening and harassing to constitute stalking. Accordingly, the trial court prohibited Bodi from harassing, intimidating, following, contacting, or surveilling Ryan, or coming within 200 yards of Ryan or her immediate family. Bodi now appeals.[3]

---

[1] Ryan testified to the content of the post, over Bodi's objection. Ryan did not admit into evidence a copy of the post.

[2] The police report was not admitted into evidence.

[3] Because the protective order did not arise out of a domestic relations matter that would subject it to the discretionary appeal procedures, it is directly appealable.

3

In his sole enumeration of error, Bodi contends that the trial court abused its discretion in issuing the protective order because Ryan failed to establish the elements of stalking as to either Ryan or her daughter, as there was no pattern of behavior and no threat to Ryan, and his actions were not directed at Ryan. We agree.

Under OCGA § 16-5-94 (a), Ryan could seek a protective order on behalf of herself or her minor daughter if either one had been the victim of stalking. See also OCGA § 16-5-94 (d). To be entitled to a protective order based on stalking, "the petitioner must establish the elements of the offense by a preponderance of the evidence." *Bruno v. Light*, 344 Ga. App. 799, 800 (1) (a) (811 SE2d 500) (2018).

The offense of stalking is committed when a person

> follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. . . . [T]he term "contact" shall mean any communication[.] . . .[T]he term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a

See, e.g., *Thornton v. Hemphill*, 300 Ga. App. 647 (686 SE2d 263) (2009). Additionally, although the protective order is of limited duration, the issues raised here are not moot. See *Elgin v. Swann*, 315 Ga. App. 809, 810 (1) (728 SE2d 328) (2012).

member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no legitimate purpose.

OCGA § 16-5-90 (a) (1).

"In reviewing the sufficiency of the evidence supporting a stalking protective order, we do not weigh the evidence or assess witness credibility, and we construe the evidence in favor of the findings of the trier of fact." (Citation and punctuation omitted.) *Thornton v. Hemphill*, 300 Ga. App. 647 (686 SE2d 263) (2009). Although our standard of review is deferential, where, as here, there is little evidence to support the charge, and there is not an issue of witness credibility, we are constrained to reverse.

a. *Contact*.

In her petition for a protective order, Ryan alleged that Bodi contacted her by social media and by trespassing on her property. Ryan was the only witness at the hearing. But even if the trial court found her testimony credible, her limited testimony does not establish the necessary contact to rise to the level of stalking.

The evidence presented at the hearing showed that Bodi did not contact Ryan or send the social media post to her. See *Chan v. Ellis*, 296 Ga. 838, 840 (1), 841 (3)

5

(770 SE2d 851) (2015) (posting letter on defendant's website was not "contact" under stalking statute, especially when defendant did not cause posting to be delivered to plaintiff). Instead, he posted the comment on social media, and another person alerted Ryan to the post. The fact that Bodi could have reasonably expected that Ryan might discover the posts is insufficient to establish "contact" under the statute. See id. at 854 (2).

Nor was there any evidence that Bodi was surveilling Ryan or following her. *Sinclair v. Daly*, 295 Ga. App. 613, 614, n. 1 (672 SE2d 672) (2009); see also *Pilcher v. Stribling*, 282 Ga. 166, 168 (647 SE2d 8) (2007) (protective order not warranted where employer was not following or placing employees under surveillance, and conduct that was alleged to be harassing and intimidating occurred during legitimate physical training). Rather, the evidence established that Bodi entered the property in his attempts to visit Ryan's daughter in what appeared to be a consensual relationship. As a result, we cannot conclude that there was sufficient evidence of contact to support the protective order.

b. *Pattern of harassing and intimidating behavior*.

Additionally, there was no evidence that Bodi engaged in a pattern of behavior that was threatening or harassing to Ryan. See *Ramsey v. Middleton*, 310 Ga. App.

6

300, 302-303 (713 SE2d 428) (2011). The trial court heard testimony that Bodi called Ryan an obscene name; he entered Ryan's property after being told on two occasions not to do so; and he posted on social media that he wished she would die. Importantly, there was no testimony from Ryan that she was frightened by Bodi or that the social media post placed her in fear for her safety.[4] At most, Ryan testified that the post "bothered her" enough that she filed a police report. Cf. *De Louis v. Sheppard*, 277 Ga. App. 768, 770-771 (1) (627 SE2d 846) (2006) (evidence sufficient to establish stalking where both petitioner and family members testified that they were frightened by the neighbor's behavior); see also *Rawcliffe v. Rawcliffe*, 283 Ga. App. 264, 265 (1) (641 SE2d 255) (2007) (stalking established by repeated unwanted and threatening phone calls, and victim testified that she feared for her safety).

Of course, it is not necessary to show an "overt threat of death or bodily injury" to establish stalking. (Citation omitted.) *Owen v. Watts*, 307 Ga. App. 493, 498 (2) (705 SE2d 852) (2010); see also OCGA § 16-5-90 (a) (1). Nor is it necessary that the threat be explicit. See *Placanica v. State*, 303 Ga. App. 302, 304 (693 SE2d 571)

---

[4] Ryan did testify that she was "terrified" one night when an unknown person approached her house. Ultimately, police found Bodi on the property and arrested him for trespassing. Ryan, however, did not testify that she was terrified or frightened of Bodi.

(2010) ("A defendant need not engage in unequivocally hostile conduct or make explicit threats in order to be convicted of stalking."). But, where, as here, there was no testimony that the respondent's action placed the petitioner in fear, there is insufficient evidence of stalking. See *Sinclair*, 295 Ga. App. at 615. Compare *Quinby v. Rausch*, 300 Ga. App. 424, 426 (685 SE2d 395) (2009) (trial court could have inferred that Rausch feared bodily harm or death when he discovered that he was being followed even in the absence of any testimony as to fear).

The only other evidence showed that Bodi continued his relationship with Ryan's daughter, picking her up late at night and returning her the following morning, even after Ryan ordered him not to enter her property. But this behavior was not "directed" at Ryan. See OCGA § 16-5-90 (a) (1). Moreover, there was no evidence that the relationship between Bodi and Ryan's daughter was anything other than consensual. See *Wright v. State*, 292 Ga. App. 673, 676-677 (665 SE2d 374) (2008) (insufficient evidence of stalking because there was no pattern of harassment where parties engaged in consensual relationship until the two had an argument). We note that Ryan did not file the petition on her daughter's behalf, although she could have under the statute. OCGA § 16-5-94 (a), (d). Nor did the daughter testify at the hearing. It was Ryan's burden to establish the pattern of intimidating and harassing

8

contact directed at her, and the evidence she presented was insufficient to do so. *Ramsey*, 310 Ga. App. at 303; see also *Martin v. Woodyard*, 313 Ga. App. 797, 799 (723 SE2d 293) (2012).

Although we are sympathetic to Ryan's circumstances, we are limited by the statutory requirements and the evidence submitted at the hearing. On this record, we must conclude that the trial court abused its discretion in granting the protective order, and we reverse.

*Judgment reversed. Reese, P. J., and Colvin, J., concur.*