# Court of Appeals
# of the State of Georgia

ATLANTA,  June 06, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0279.  MARION D. CALHOUN v. CARLOTTA HARRELL.**

Marion D. Calhoun appeals from a Stalking Three Year Protective Order entered against her and in favor of Carlotta Harrell.  Calhoun contends that her conduct at issue – posting to Facebook comments relating to Harrell, the Chair of the Henry County Board of Commissioners  – amounted to engaging in political speech protected by the First Amendment, and was at any rate, insufficient to authorize the order.

Because the trial court granted the protective order and thus rejected Calhoun's constitutional argument, it appears that jurisdiction over this case lies in the Supreme Court of Georgia.  See *Chan v. Ellis*, 296 Ga. 838, 839, n. 2 (770 SE2d 851) (2015) (resolving case on non-constitutional basis, but explaining that "the constitutional contention forms the basis for our exercise of appellate jurisdiction in this case," where the appellant contended that "the online publication of commentary about [appellee] . . . is speech protected by the First Amendment") (citing Ga. Const. of 1983, Art. VI, Sec. VI, Par. II (1), for the proposition that the Georgia Supreme Court has exclusive appellate jurisdiction in "[a]ll cases involving the construction . . . of the Constitution of the State of Georgia or of the United States and all cases in which the constitutionality of a law . . . has been drawn in question"); accord *Collins v. Bazan*, 256 Ga. App. 164, 165 (1) (568 SE2d 72) (2002) (reversing stalking protective order for lack of sufficient evidence of stalking as defined by OCGA § 16-5-90 (a) (1), after determining that the constitutional issues – that "the prohibition

1

violates constitutional principles concerning freedom of speech and overbroadness" – were not raised below and were thus not preserved for appeal). As the Supreme Court has the ultimate responsibility for determining appellate jurisdiction, see *Saxton v. Coastal Dialysis & Med. Clinic*, 267 Ga. 177, 178 (476 SE2d 587) (1996), this case is hereby TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,__06/06/2023_____*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*