**FIRST DIVISION**
**BARNES, P. J.,**
**LAND and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 1, 2023**

# In the Court of Appeals of Georgia

A23A0692. HAYWARD v. WISNER.

WATKINS, Judge.

Kaley Wisner civilly petitioned the Superior Court of Paulding County for a 12-month protective order under OCGA § 16-5-94 to enjoin Jason Hayward from stalking her. Following an evidentiary hearing, the trial court granted the protective order and enjoined Hayward from, inter alia, contacting or approaching within 10 yards of Wisner. Hayward appeals, arguing that the trial court abused its discretion in finding a pattern of harassing and intimidating conduct. We disagree and affirm.

"The grant or denial of a motion for protective order generally lies within the sound discretion of the trial court, and will not be reversed absent an abuse of that

discretion."[1] "The trial court is in the best position to make determinations on these issues, and we will not overrule its judgment if there is any reasonable evidence to support it."[2] In other words, "[i]t is not this Court's function to second-guess the trial court in cases such as this, which turn largely on questions of credibility and judgments."[3]

Viewed in this light, the record shows that Hayward was the next-door neighbor of Wisner, who shared a home with her husband, parents, and children. The parties had a number of run-ins that escalated during the two-year period preceding the filing of the petition. According to Wisner, Hayward "verbally attack[ed]" her on multiple occasions, "screaming" at her and various contractors and county workers as they attempted to resolve drainage issues in Wisner's yard.

In July 2022, mistakenly believing that workers on Wisner's property intended to remove one of his trees, Hayward came onto Wisner's property and screamed at

---

[1] (Citations and punctuation omitted.) *Ramsey v. Middleton*, 310 Ga. App. 300, 302 (713 SE2d 428) (2011).

[2] (Citation and punctuation omitted.) *Rawcliffe v. Rawcliffe*, 283 Ga. App. 264, 265 (1) (641 SE2d 255) (2007).

[3] (Citation and punctuation omitted.) *Owen v. Watts*, 307 Ga. App. 493, 498 (2) (705 SE2d 852) (2010).

2

the workers, Wisner, and her mother. The following week, Wisner filed a petition for a protective order.

The court entered an ex parte temporary protective order and scheduled a hearing within 30 days of the filing of the petition.[4] At the hearing, the trial court heard testimony from Wisner, her mother, and Hayward.

At the conclusion of the hearing, the trial court found that, while some of the behavior went "both ways," particularly with respect to Wisner's mother, there had been an ongoing pattern of harassing behavior by Hayward. The court distinguished *Sinclair v. Daly*,[5] cited by Hayward, in which we held that there was "no evidence that [the respondent had] engaged in a pattern of intimidating and harassing behavior that placed [the petitioner] in reasonable fear for his safety."[6] The trial court found that, in this case, both Wisner and her mother had testified about concern for their safety. The court thus enjoined Hayward from contacting Wisner and from approaching within ten yards of Wisner or her immediately family, or their residence, place of employment, or school. This appeal followed.

---

[4] See OCGA §§ 16-5-94 (e); 19-13-3 (c).

[5] 295 Ga. App. 613 (672 SE2d 672) (2009).

[6] Id. at 616.

3

Under OCGA § 16-5-94 (a), a person "may seek a restraining order by filing a petition alleging conduct constituting stalking as defined in Code Section 16-5-90." That section provides in relevant part that "[a] person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person."[7]

Hayward argues that the evidence did not support the trial court's finding that he had engaged in a pattern of harassing conduct because his speech was not intimidating and could not have caused a reasonable fear of safety. He also contends that there was no "pattern," emphasizing that he only crossed the property line on one occasion. Hayward argues further that his speech-based conduct served a legitimate purpose.

Here, the evidence supports the conclusion that Hayward engaged in a pattern of harassing conduct. Wisner and her mother testified that on multiple occasions before July 6 Hayward had "screamed" at them, their guests, contractors, and county employees. According to Wisner's mother, "every time [Hayward is] screaming, his

[7] OCGA § 16-5-90 (a) (1).

4

face is enraged. His eyes bug out of his head. He's shaking. He's running. He's crazed."

Wisner testified that she did not feel safe to go outside. Although Wisner's mother believed she could defend herself, she testified that she worried about Wisner or the children being home alone and that they were "all scared." They both testified that Wisner's children were afraid to play in their own yard. Under these facts, the trial court did not abuse its discretion in finding that Wisner had established the elements of stalking by a preponderance of the evidence.[8]

*Judgment affirmed. Barnes, P. J., and Land, J., concur.*

---

[8] See *Rawcliffe*, 283 Ga. App. at 265 (1) (holding that the trial court did not err in finding that the respondent knowingly and wilfully stalked the petitioner, under the preponderance of the evidence standard, where the respondent made repeated unwanted and threatening phone calls and the petitioner testified that she feared for her safety); see also OCGA § 19-13-3 (c) (preponderance of the evidence standard); § 16-5-94 (e) (OCGA § 19-13-3 (c) applies to OCGA § 16-5-94 petitions).